THE UNION CENTRAL LIFE INSURANCE COMPANY

*v.*

BRADFORD K. DURFEE.

*Filed at Springfield November 10, 1896.*

1. INSURANCE—*act for levying a retaliatory tax on foreign company is constitutional.* The requirement of the constitution (sec. 1, art. 9,) that taxes shall be levied upon property "in proportion to value" is not violated by the act on life insurance, (Rev. Stat. 1874, p. 608, sec. 20,) authorizing a retaliatory tax on foreign companies to be paid to the Auditor, in view of the further provision in said section which authorizes the General Assembly to tax "insurance interests or business" in such manner as it shall from time to time direct, by general law uniform as to the class upon which it operates. (*Home Ins. Co.* v. *Swigert,* 104 Ill. 653, followed.)

2. SAME—*when Auditor may impose retaliatory tax on foreign company.* The retaliatory tax provided for in section 20 (Rev. Stat. 1874, p. 608,) may be imposed by the Auditor whenever the law of the State of the foreign company's creation requires companies of this State to pay a like tax in such State, even though no company of this State exists capable of doing business in such foreign State. (*Germania Ins. Co.* v. *Swigert,* 128 Ill. 237, followed.)

3. SAME—*when foreign law is sufficient to authorize Auditor to act.* A foreign State law which provides that foreign companies doing business in that State shall make annual return of premiums, to be entered upon the tax list in the proper counties and taxed at the same rate as other property, and if such tax in the various counties is less than two and a half per cent on such premiums the department of insurance shall collect enough to make the whole tax two and a half per cent, is sufficient to authorize the Auditor of Illinois to tax a company of such State two and a half per cent on its premiums collected in Illinois.

4. SAME—*section 30 of act on fire and marine insurance construed.* The statute requiring agents of foreign insurance companies to return net receipts of their agencies for taxation (Hurd's Stat. 1895, p. 892, sec. 30,) has no reference to life insurance companies, and return of receipts for taxation thereunder by the latter is no bar to the tax to be levied by the Auditor.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JACOB FOUKE, Judge, presiding.

This was an action brought by the Union Central Life Insurance Company against Bradford K. Durfee, insur-

ance superintendent of the State, to recover back the sum of $5427.43 paid under protest. The parties entered into a stipulation in writing, in which the facts were all agreed upon, and a trial was had before the court without a jury, resulting in a judgment in favor of the defendant.

The facts are as follows: "The plaintiff, the Union Central Life Insurance Company, is a corporation organized and doing business under the laws of the State of Ohio, and is engaged, entirely and exclusively, in the life insurance business; that heretofore and for several years the said plaintiff has been doing a life insurance business in the State of Illinois, having been regularly admitted to do said business in said State of Illinois as is required by the statutes of the State of Illinois, and that it has heretofore complied with all the laws of the State of Illinois regulating the business of life insurance as done by such a foreign life insurance company as is the plaintiff; that during the year 1895, and for several years prior thereto, it has established agencies and transacted life insurance business within the said State of Illinois, and had fully complied with all the laws of said State regulating such business of life insurance, and had a proper and lawful certificate of authority to do such life insurance business in said State of Illinois; that the plaintiff, in the month of January, 1896, filed with the defendant, as superintendent of insurance of the State of Illinois, its annual statement, as required by said superintendent of insurance, showing, among other things, the gross amount of the premiums received by the plaintiff in the said State of Illinois during the year 1895, and that such report was satisfactory to said insurance superintendent, and that such statement of the amount of the premiums received by said company was filed with the said insurance superintendent in compliance with the statutes of the State of Illinois; that the amount of the premiums so received in gross by the plaintiff for the year 1895 was

$217,097.10; that the defendant, as insurance superintendent of the State of Illinois, received said report and statement and approved the same, and thereupon assessed against the plaintiff two and one-half per cent of said gross amount of the premiums so received by the plaintiff, as a tax on the same, claiming the right to assess such tax against the plaintiff under the statutes of the State of Illinois hereinafter referred to and set forth, and that said defendant, as such insurance superintendent, presented to the plaintiff a bill for two and one-half per cent tax on the said sum of $217,097.10 gross premiums received by the plaintiff in Illinois in the year 1895, which tax amounted to the sum of $5427.43, which sum of money the insurance superintendent, the defendant in this cause, demanded of the plaintiff under penalty of revoking the license of the plaintiff to do life insurance business in the State of Illinois for non-payment of said tax, as is provided by the laws of the State of Illinois in such cases; that after such demand so made by the defendant as such insurance commissioner, the plaintiff did, on the 17th day of April, 1896, protest against the payment of the said sum of money as a tax upon its gross receipts as aforesaid, and denied the validity of such tax, and denied the right of said defendant, as such insurance superintendent, to force the collection of the same from the plaintiff, as such tax, under any laws of the State of Illinois, and after so protesting and denying the validity of said tax and the law under which said insurance superintendent claimed the right to impose and collect such tax, and the right of said defendant, as such insurance commissioner, to collect and receive the same from the plaintiff, the plaintiff made payment of the said sum of $5427.43, the amount of said tax as aforesaid, to the said Bradford K. Durfee, under protest, and under and in pursuance of the following stipulation:

" 'It is hereby stipulated and agreed between B. K. Durfee, insurance superintendent of the State of Illinois,

and the Union Central Life Insurance Company of the State of Ohio, that said company shall pay to the said B. K. Durfee, under protest, the sum of $5427.43, being the amount claimed by said insurance superintendent as due from said company for taxes for the year 1895, being two and one-half per cent upon gross business or premiums received by said company upon its business transacted in said State of Illinois during the year 1895, under section 20 of the general Insurance law of said State, passed and approved by the legislature thereof March 26, 1869, said sum of money to be held by said B. K. Durfee to abide the result of an action to be brought by said company against him to recover back said sum and to test the validity of the law, it being understood and agreed between the parties hereto that said action shall be prosecuted without unreasonable delay to final judgment in the Supreme Court of said State of Illinois, and both parties shall abide said judgment.'

"That the said defendant claims authority, as insurance superintendent of the State of Illinois, to assess and collect said tax of two and one-half per cent upon the gross receipts of the plaintiff in the State of Illinois for the year 1895, under and by virtue of the laws of the State of Illinois and the laws of the State of Ohio, and more particularly under the following statutes of the State of Illinois:

" 'Sec. 20.  Whenever the existing or future laws of any other State of the United States shall require of life insurance companies incorporated by or organized under the laws of this State, and having agencies in such other State, or of the agents thereof, any deposit of securities in such State for the protection of policyholders or otherwise, or any payment for taxes, fines, penalties, certificates of authority, license fees or otherwise, greater than the amount required for such purposes from similar companies of other States by the then existing laws of this State, then and in every such case all life insurance com-

panies of such States establishing, or having heretofore established, an agency or agencies in this State shall be and are hereby required to make the same deposit, for a like purpose, with the State Treasurer of this State, and to pay to the Auditor for taxes, fines, penalties, certificates of authority, license fees, or any other obligation, an amount equal to the amount of such charges and payments imposed by the laws of such other State upon the companies of this State and the agents thereof.'

"And also under the following laws of the State of Ohio:

" 'Sec. 2745. Every agency of an insurance company incorporated by the authority of any other State or government shall return to the auditor of each county in which such company does business or from which it collects premiums, on or before the first day of May, annually, the amount of the gross premium receipts of such agency for the previous calendar year in such counties, which shall be entered upon the tax list of the proper county, and be subject to the same rate of taxation, for all purposes, that other personal property is subject to at the place where located, and the whole of such tax shall be due and payable on the twentieth day of November next ensuing: *Provided*, that in making the first return under this act no company shall be required to make a return of receipts previously placed upon the duplicate, under the act to which this is amendatory, requiring the return to be made in the month of May. And it shall be the duty of the superintendent of insurance, in the month of December, annually, to charge and collect from all such companies such a sum as, added to the sum paid to the county treasuries, will produce an amount equal to two and one-half per cent on the gross premium receipts of such companies, as shown by their annual statement, under oath, to the insurance department: *Provided, however*, that if, by the laws of any other State, territory or nation, a larger tax than two and one-half per cent is

charged companies organized under the laws of Ohio, then the superintendent of insurance shall charge a like tax upon companies from such State, territory or nation doing business in this State: *And provided further*, that for the purpose of making the charge for the fractional year 1888, the superintendent of insurance may require, under oath, such information, additional to that contained in the annual statement, as is, in his judgment, required. If any such company refuse to pay said tax after demand therefor has been made, or if it shall make any false statements of its gross premium receipts, the superintendent of insurance shall revoke the license of such company to do business in this State. If, at any time, said superintendent has reason to suspect the correctness of the return made of the gross premium receipts of any such company, he may, at the expense of the State, make an examination of the books of such company or of its agents, for the purpose of verifying the same. All taxes collected under the provisions of this section by the superintendent of insurance shall be paid by him, upon the warrant of the Auditor, into the general revenue fund of the State.' (Passed April 12, 1889.)

"It is further hereby stipulated and agreed, that during the entire year of 1895, and from thence hitherto, there was no life insurance company incorporated or organized under the laws of the State of Illinois doing a life insurance business in the State of Ohio, or having any agencies or transacting any life insurance business in said State of Ohio, and that during the entire year of 1895, and from thence hitherto, was not and is not now any corporation incorporated or organized under the laws of the State of Illinois actively engaged in doing a life insurance business, nor authorized by the insurance superintendent to issue and write policies during that period, and hence no such Illinois life insurance company has made application to the proper officers in the State of Ohio for license to do such life insurance business or

establish agencies in the State of Ohio for that purpose during the period named. And it is further stipulated and agreed, that the plaintiff, the Union Central Life Insurance Company, has in all respects complied with all of the laws of the State of Illinois regulating the doing of a life insurance business by a life insurance company from a foreign State, and that it has paid to the said defendant the said above amount of money for taxes under protest, to be held by the defendant, according to the stipulation hereinabove set forth, until the final decision of the Supreme Court in this case as to the right of defendant to collect and hold said money, and to retain and apply it as insurance commissioner of the State of Illinois."

Hamilton & Fullenwider, for plaintiff in error:

Taxes levied by persons not authorized by law to levy and assess taxes are void. *Railroad Co.* v. *People ex rel.* 98 Ill. 355; *Goldsmith* v. *Insurance Co.* 62 Ga. 379.

The validity of section 20 of the Illinois law, as applied to an Ohio company, depends upon the contingency of the legislation in Ohio which shall cause it to be valid and in force. *Insurance Co.* v. *Swigert*, 104 Ill. 653.

Section 20, which is styled by the compiler of our statute "Reciprocity," is not reciprocal, but is retaliatory in its character. *People* v. *Insurance Co.* 153 Ill. 39; *State* v. *Insurance Co.* 39 Minn. 538.

A thing within the intention is regarded as within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention. *People* v. *Chicago*, 152 Ill. 551; *Anderson* v. *Railroad Co.* 117 id. 28.

Where a statute of a State has been given construction by the highest tribunal of the State, such construction will, ordinarily, in the courts of a sister State, be adopted as binding and conclusive. *Van Matre* v. *Sankey*, 148 Ill. 552.

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-
FIELD and M. L. NEWELL, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is first claimed that section 20, *supra*, is invalid
because it requires, or purports to require, insurance
companies from foreign States where laws exist which
put in force said section 20 of our statute to pay to the
Auditor certain taxes, and does not provide for the levy
or assessment of such taxes by any officer or agency au-
thorized by the law of Illinois to levy or assess taxes;
that said section is invalid as contrary to section 1 of
article 9 of the constitution, which is as follows:   "The
General Assembly shall provide such revenue as may be
needful by levying a tax by valuation, so that every per-
son and corporation shall pay a tax in proportion to the
value of his, her or its property, such value to be ascer-
tained by some person or persons to be elected or ap-
pointed in such manner as the General Assembly shall
direct, and not otherwise; but the General Assembly
shall have power to tax   *   *   *   insurance, telegraph
and express interests or business   *   *   *   in such
manner as it shall from time to time direct, by general
law, uniform as to the class upon which it operates."   If
this section contained nothing but the first clause, the
position of counsel might be regarded as tenable; but
under the last clause the legislature is at liberty to tax
insurance "in such manner as it shall from time to time
direct, by general law, uniform as to the class upon which
it operates."   In view of this clause of the section of the
constitution no substantial objection is perceived to the
mode provided for by said section 20, in connection with
the section of the Ohio statute set out in the statement.
But it will not be necessary to discuss this question.
The same question was raised, considered and decided
in *Home Ins. Co.* v. *Swigert*, 104 Ill. 653, and the decision
there is conclusive of the question.

It is next contended that section 20 is invalid and not in force as against the plaintiff, an Ohio company, until there is some life insurance company in existence in Illinois capable of doing business in Ohio.    This question was raised and decided adversely to the position assumed, in *Germania Ins. Co.* v. *Swigert*, 128 Ill. 237.    It was there held that the time when our law requires a foreign insurance company doing business in this State to pay the same license fees, etc., required by the laws of the foreign State of companies of this State doing business therein, is whenever the existing or future laws of such other State shall require companies of this State to pay license fees, etc., for the doing of an insurance business herein.    As that case is conclusive of the question, further discussion is rendered unnecessary.

It is next contended in the argument that section 20 is not valid to authorize the insurance superintendent to tax and collect two and one-half per cent on the gross premium receipts of the plaintiff during the year 1895, in the State of Illinois.    It will be observed that the section of the Ohio law set out in the statement of facts provides that every agent of an insurance company incorporated by authority of any other State doing business in the State of Ohio shall make an annual return of the gross premium receipts, and the same shall be entered upon the tax list of the proper county, and be subject to the same rate of taxation that other personal property is.    It then provides that in case this taxation in the various counties does not amount to two and one-half per cent on the gross premium receipts for the year, then the superintendent of insurance shall charge and collect from such companies such a sum as, added to the sum paid to the county treasurers, will produce an amount equal to two and one-half per cent on the gross premium receipts of such companies.    It will also be observed that section 20 of our statute, set out in the statement, provides that whenever the law of any other

State requires life insurance companies organized under the laws of this State to pay a larger amount for taxes than the amount required from similar companies of other States in this State, then all life insurance companies doing business in this State shall be required to pay to the Auditor, for taxes, an amount equal to the amount of such payments imposed by the laws of such other State upon the companies of this State. Under these two provisions it is evident appellant was required to pay two and one-half per cent on its gross premium receipts,—and that is the amount appellant was assessed and required to pay by the insurance superintendent.

But it is said appellant was assessed for taxation under section 30, chapter 73, of the statute, and the insurance superintendent had no authority to tax it two and one-half per cent over and above that assessment. That section of the statute is as follows: "Every agent of any insurance company incorporated by the authority of any other State or government shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation, for all purposes,—State, county, town and municipal,—that other personal property is subject to at the place where located, said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed."

Upon reference to Hurd's Statutes of 1893, pages 880 and 892, it will be found that this section of the statute has no application to life insurance, but is one section of an act entitled "An act to incorporate and govern fire, marine and inland navigation insurance companies." If this section relates to fire and not life insurance companies, which we think it does, then it has no bearing whatever on the case under consideration. But aside

from this consideration, there is no evidence in the record that appellant was taxed for the year 1895 under section 30, *supra,* or in any other manner, except by the insurance superintendent, and we will presume, in the absence of proof to the contrary, that the tax of two and one-half per cent imposed by appellee was the only tax levied for the year 1895, and as that tax was authorized by the statute the judgment of the circuit court was correct, and it will be affirmed.    *Judgment affirmed.*