CASE 23.—ACTION BY THE COMMONWEALTH AGAINST THE WESTERN & SOUTHERN LIFE INSURANCE COMPANY TO RECOVER A CERTAIN PER CENT. OF ITS ANNUAL GROSS PREMIUMS.—March 25, 1909.

# Western & Southern Life Ins. Co. v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for Commonwealth. Defendant appeals. —Reversed.

Taxation — Constitutional Law — Statutes — Equality and Uniformity—Delegation of Legislative Power—Uniform Operation of Law Imposing License Tax.—Const. Section 60, provides that no law shall be enacted to take effect upon the approval of any other authority than the General Assembly. Section 171 provides that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws. Section 180 provides that every act. ordinance, or resolution levying a tax shall specify the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose. Section 181 provides that the General Assembly may by general laws only provide for the payment of license fees. Held, that Ky. St. 1909, Section 637 (Russell's St. Section 4284), providing that when, by the laws of any other State, any taxes are imposed on insurance companies organized or incorporated under the law of this state and transacting business in such other state, greater than those imposed upon similar companies by the laws of this state, the same taxes shall be imposed upon all insurance companies doing business in this State which are organized under the laws of such State, imposes a license tax, and is unconstitutional, and a foreign insurance company cannot be taxed a higher rate on its annual gross premiums than the rate taxed resident insurance companies, because a higher rate is taxed in the State where the foreign insurance company is domiciled.

T. L. EDELEN and D. W. LINDSEY for appellant.

· JAMES BREATHITT, Attorney General, and JOHN F. LOCK-ETT, Assistant Attorney General, for Commonwealth.

· (No briefs—record misplaced.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversed.

· Section 637 of the Kentucky Statutes (Russell's St. Sec. 4284) is as follows: "When, by the laws of any other State, any taxes, fines, penalties, deposits of money, or of securities or other obligations, prohibitions or requirements, are imposed upon insurance companies organized or incorporated under any general or special law of this State, and transacting business in such other State, or upon the agents of such insurance company, greater than those imposed upon similar companies by the laws of this State, or when such laws of other States shall require insurance companies of this Commonwealth to deposit money or security for the benefit or protection of citizens of such other States, or when the laws of any other State, or the officers thereof, shall prohibit companies of this Commonwealth from transacting business in said State without a special examination of said companies, or a computation of their liabilities by the officers of said State, the same taxes, fines, penalties, deposits, examinations, obligations and requirements shall be imposed upon all insurance companies doing business in this State, which are incorporated or organized under the laws of such State, and upon their agents." The Western & Southern Life Insurance Company is a corporation organized under the laws of Ohio, having its principal office in Cincinnati. It paid its taxes regularly to the State under Section 4226, Ky. St. (Russell's St. Sec. 6096), which provides that every insurance

company shall pay a tax of $2 upon each $100 of premiums collected by it. The laws of Ohio provide that life insurance companies doing business in that State must pay a tax of 2 1-2 per cent. of the annual gross premiums. This suit was brought by the Commonwealth against the Western & Southern Life Insurance Company to recover the amount of one-half of 1 per cent. of the annual gross premiums received by it in the State, on the ground that, as Kentucky companies are required to pay at the rate of 2 1-2 per cent. in Ohio, Ohio companies should pay at a like rate in this State. The circuit court entered judgment against the defendant for the amount claimed, and it appeals.

The only question to be determined on the appeal is the validity of Section 637, Kentucky Statutes, in so far as it makes the amount of the taxes which the taxpayer is to pay dependent upon the law of the State where the taxpayer has his domicile. We have no doubt that the Legislature may require of foreign companies the same deposits, examinations, obligations, and the like which are required by the State of their domicile from Kentucky companies; but whether the amount of taxes to be paid here may be made to depend upon the law in force at the residence of the foreign companies is a different question. It would not be contended that, if Ohio taxed insurance companies at 1 per cent. of the yearly premiums, Ohio companies could do business here by paying at the rate of 1 per cent., although other companies paid taxes at the rate of 2 per cent. We have been referred to a number of decisions upholding this retaliatory legislation; but in a number of the cases the question of taxation was not presented, and in

others the decisions of the court turned upon provisions of the Constitution different from our Constitution. Thus the case of Talbott v. Fidelity & Casualty Co., 74 Md. 563, 22 Atl. 395, 13 L. R. A. 584, involved simply the question whether Maryland might exclude New York companies when New York excluded Maryland companies. Phillips v. Fidelity & Casualty Co., 77 Iowa, 648, 42 N. W. 509, turned upon the question whether Iowa might prohibit a foreign insurance company from making more than one kind of insurance in that State, when by the law of its domicile foreign companies were permitted there to make only one kind of insurance. Union Central Life Insurance Co. v. Durfee, 164 Ill. 186, 45 N. E. 441, was rested upon a provision of the Constitution of Illinois, which, as held, gave the General Assembly full power to so regulate the matter. Such a statute was upheld in People v. Fire Association, 92 N. Y. 311, 44 Am. Rep. 380, Phoenix Ins. Co. v. Welch, 29 Kan. 672, Goldsmith v. Home Ins. Co., 62 Ga. 379, State v. Insurance Co., 115 Ind. 257, 17 N. E. 574, and Haverhill Ins. Co. v. Prescott, 42 N. H. 547, 80 Am. Dec. 123. In passing on the question the Kansas court expressly said that the Legislature may constitutionally pass a law whose operation is made to depend upon some contingency; and the other opinions, while they do not expressly say this, are evidently based upon that construction of the State Constitution. It was held in Fire Association v. New York, 119 U. S. 110, 7 Sup. Ct. 108, 30 L. Ed. 342, that such a statute does not infringe any provision of the Constitution of the United States.

But still the question remains: Is it in keeping with the Constitution of Kentucky? Section 60 of

the Constitution provides, that, with certain excep-
tions not material here, no law shall be enacted to
take effect upon the approval of any other authority
than the General Assembly.    Section 171 provides
as follows: ''The General Assembly  shall provide
by law an annual tax which, with other resources,
shall be sufficient to defray the estimated expenses
of the Commonwealth for each fiscal year.    Taxes
shall be levied and collected for public purposes only.
They shall be uniform upon all property subject to
taxation within the territorial limits of the authority
levying the tax; and all taxes shall be levied and col-
lected by general laws.''  Section 180 provides: Every
act enacted by the General Assembly, and every or-
dinance and resolution passed by any county, city,
town or municipal board or  local legislative body,
levying a tax shall specify distinctly the purpose for
which said tax is levied, and no tax levied and col-
lected for one purpose shall ever be devoted to an-
other purpose.''   Section 181 provides: ''The Gen-
eral Assembly may, by general laws only, provide for
the payment of license fees on franchises, stock used
for breeding purposes, the various trades, occupations
and professions, or a special or excise tax.''

It will thus be seen that the power of the Legis-
lature to enact laws whose operation  will depend
upon the approval of any other authority is denied,
except in the cases named in the Constitution; that
the General Assembly is authorized to provide by
law an annual tax sufficient to defray the estimated
expenses of the Commonwealth; that these taxes
must be levied and collected only by general law;
that every act levying a tax must specify the purpose
for which it is levied; and that the General Assem-

bly may by general laws only provide for the payment of a license tax. The tax for 2 per cent. on the gross amount of premiums received by insurance companies is a license tax. The Constitution clearly imposed upon the General Assembly the duty of determining what levy was necessary, and required it, by a general law to levy such a tax as was necessary, the tax to be equal and uniform. It was not contemplated by the Constitution that the amount of taxes paid by a taxpayer in Kentucky should depend upon the amount of taxes paid by some other corporation in the State where the taxpayer has its domicile. On the contrary, the Constitution contemplated that the Legislature should determine what tax should be paid, and that only the taxes necessary for the support of the government should be levied. To allow one person to be taxed at one rate and another at a different rate, not because of any other fact than to retaliate for the mode in which a corporation of this State is taxed in some other State, is to lose sight entirely of the fundamental idea of equality in the public burdens aimed at in our Constitution.

The conclusion we have reached is supported by the decision of the Supreme Court of Alabama in Clark v. Mobile, 67 Ala. 217. The court there well said: "This section of the Code authorizes, in effect, the Legislature of Mississippi, speaking through its statutes, which are the subjects of extrinsic proof, and not of judicial knowledge, in our courts, to fix by law the amount which the Treasurer of Alabama shall demand of appellants as a license tax to do an insurance business in this State. If the lawmaking power of that State should, in a day, modify, amend

or repeal their revenue laws, ipso facto, such legislative action would modify, amend or repeal the legal operation of our laws, provided the principle contended for by appellant's counsel is a sound and prevailing one. This can not be, for it would be confiding to a foreign jurisdiction that legislative discretion which the General Assembly of Alabama are constitutionally bound to exercise themselves, and which they can not delegate or commit to another.'' See, also, a note by the editor in 10 Ins. Law J. 361.

Retaliation rarely brings about the result aimed at. Its effect is usually to intensify the evil. It is strictly forbidden by Him who taught as one having authority and not as the scribes; and we are constrained to believe that the rule we have announced is more in keeping with the spirit of American institutions than the rule allowing taxes to be collected in one State, not for public necessity, but in retaliation for those collected in another State from foreign corporations doing business there. The State may exclude foreign corporations from doing business here if it sees fit, and it may impose such conditions as it sees fit to impose within the constitutional inhibitions. But the people of the State who desire insurance will not be benefited in the end by laws that drive foreign insurance companies from the State or cripple competition in the insurance business.

Judgment reversed, and cause remanded, with instructions to the circuit court to dismiss the petition.