THE STATE *ex rel.* PHILLIPS v. THE FIDELITY AND CASUALTY COMPANY.

1. **Insurance Company**: DOING UNLAWFUL BUSINESS: REMEDY. Defendant is an insurance company organized under the laws of New York, and is alleged in the petition to have a certificate from the auditor of state authorizing it to do business in Iowa, but to be violating the laws of Iowa by making more than one of certain kinds of insurance. *Held* that *quo warranto* was the proper remedy, under section 3345 of the Code, to test its right to continue to transact such business, and not *certiorari* to review the act of the auditor in granting the certificate. (See opinion for statutes and cases cited and considered.)

2. ———: FOREIGN COMPANY: IOWA'S RETALIATORY STATUTE: INTERPRETATION AND ENFORCEMENT. Section 1154 of the Code provides: "When by the laws of any other state any * * * prohibitions are imposed, or would be imposed, on insurance companies of this state doing, or that might seek to do, business in such other state, * * * so long as such laws continue in force the same * * * prohibitions, of whatever kind, shall be imposed upon all insurance companies of such other state doing business within this state, * * *." The defendant is an insurance company of the state of New York, by the laws of which state all insurance companies, including those of Iowa, are prohibited from making more than one of several kinds of insurance in that state. But the defendant was doing business in this state, and making all of said kinds of insurance here. *Held* that it was violating the said section, and

was liable to be restrained in an action of *quo warranto*, without alleging or showing that the state of New York had ever actually enforced its law against an Iowa company which was attempting to violate it. The existence of the law there is sufficient to put its prohibitions in force here, through the section above quoted. Nor does it make any difference that Iowa companies are prohibited by the laws of Iowa from making more than one of the said kinds of insurance in Iowa. The only question is,—does New York impose prohibitions on Iowa companies? If so, the same prohibitions are imposed in return as against New York companies.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

## FILED, MAY 23, 1889.

THE defendant company is a corporation organized and existing under the laws of the state of New York. It has received from the auditor of this state a certificate under the provision of the law as to insurance companies, and is doing business in this state in the following classes or lines of insurance: (1) Against injury, disablement or death of persons, resulting from traveling, or general accidents by land or water; (2) the fidelity of persons holding places of public or private trust; (3) upon plate-glass, against breakage; (4) upon steamboilers, against explosion, and against loss or damage to life or property resulting therefrom. By the law of the state of New York insurance is classed in departments, and the kinds above specified are in the second department, and the law of that state provides that no company shall undertake to do more than one of the kinds of insurance mentioned in the second department; and it further provides that no company organized under the laws of any other state shall undertake to do more than one of such kinds of insurance in the state of New York. The petition alleges that the defendant has continually, since the first day of February, 1888, offended, and still offends, against the law of this state by making more than one of the kinds of insurance above specified; and the petition asks that the defendant be ousted and excluded from doing any of such kinds of insurance.

There was a demurrer to the petition, which was over-ruled, and a judgment entered that the defendant be excluded from attempting to carry on more than one of the kinds of insurance; from which judgment the defendant appeals.

*Mitchell & Dudley*, for appellant.

*Macy, Sweeney & Jones*, for appellee.

GRANGER, J.—I. The first question presented by the demurrer goes to the jurisdiction of the court, on the ground that *certiorari*, and not *quo warranto*, is the plaintiff's remedy. The argument is upon the theory that the act of the auditor in granting the certificate is *quasi* judicial, and that this proceeding, in effect, is to review his action. Without reference to the point in argument as to the office of the common-law writ of *quo warranto*, we think the statute is conclusive of the question. The writ of *certiorari* is permitted whenever specially authorized by law, and especially when an inferior officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, when, in the judgment of the superior court, there is no other plain, speedy and adequate remedy. Code, sec. 3216. It will be noticed that there is a plain limitation upon the use of this writ, and before granting it the court must inquire if there is any other plain, speedy or adequate remedy, and, if so, the writ is not available. It may be said that the auditor is not alleged to have exceeded his jurisdiction, or that he has acted illegally; and he is not a party to this proceeding. The action seems to proceed upon the theory that, notwithstanding the certificate of the auditor, the corporation is acting in violation of law, in such manner as to forfeit its rights as a corporation, and that the legislature has in terms provided a remedy that seems to be plain, speedy and adequate. Chapter 6, title 20, of the Code is designed especially to " test official and corporate rights," the latter of which is the very gist of

*1. INSURANCE company: doing unlawful business: remedy.*

## MAY TERM, 1889. 651

State ex rel. Phillips v. Fidelity & Casualty Co.

this proceeding. Section 3345 provides that "a civil action by ordinary proceeding may be brought in the name of the state as plaintiff in the following cases: * * * (3) Or against any person acting as a corporation within this state, without being authorized by law; (4) or against any corporation doing or omitting acts which amount to a forfeiture of its rights and privileges as a corporation, or exercising powers not conferred by law." The allegations of the petition are clearly within the purview of the quoted provisions of the statute, by averring that the defendant, by the making of the several kinds of insurance, has been and is still offending against the laws of the state. If thus offending, it must certainly be exercising powers not conferred by law. In support of the claim that *certiorari* is the proper remedy, we are referred to the case of *Jordon v. Hayne*, 36 Iowa, 9. That case arose under the law providing for townships voting aid to railroads in their construction, and it is held that *certiorari* is the proper proceeding to review the proceeding of the board of trustees in calling the election. The acts of the board in such cases are judicial, and no appeal was provided; hence a review in such cases by *certiorari* is in accord with the very letter of the law, there being no other plain, speedy or adequate remedy. If there had been provision for an appeal in such cases, or another remedy specified by law that was plain, speedy and adequate, such a holding would hardly have been. The cases of *Stubenrauch v. Neyenesch*, 54 Iowa, 567; *Smith v. Powell*, 55 Iowa, 215; *Darling v. Boesch*, 67 Iowa, 702, —and other cases cited, in no manner militate against this view, but are in accord with it.

II. The second division of the demurrer is in these words: "Because the petition of plaintiff nowhere shows or alleges that any insurance company, incorporated or organized under the laws of the state of Iowa, for the transaction of business of insurance, has ever sought to do business in the state of New York, and been refused or precluded from doing business in

2. —— : foreign company: Iowa's retaliatory statute: interpretation and enforcement.

said state of New York." Referring to the statement of facts, it will be noticed that by the laws of New York a corporation organized under the laws of any other state is precluded from making in that state more than one of the kinds of insurance being made by defendant in this state. Section 1154, of the Code of Iowa provides : "When by the laws of any other state any taxes, fines, penalties, licenses, fees, deposits of moneys or of securities, or other obligations or prohibitions, are imposed or would be imposed on insurance companies of this state doing, or that might seek to do, business in such other state, or upon their agents therein, so long as such laws continue in force, the same obligations and prohibitions, of whatever kind, shall be imposed upon all insurance companies of such other state doing business within this state, or upon their agents here." The demurrer presents the question that the petition does not show that any Iowa company has ever sought to do business in New York and been refused. We could see no purpose in such an allegation other than that the people of New York not only enacted laws, but sought their enforcement; and we think it only fair to presume that fact without the allegation, and it is quite probable that as to Iowa companies the law itself is a sufficient restraint. But the ground of the demurrer does not reach a question in the case. It is not the enforcement of the law of New York against Iowa companies that gave rise to the "retaliatory" law of Iowa; but "when by the laws of another state * * * prohibitions are imposed, or would be imposed, upon insurance companies of this state doing, or that might seek to do, business in such other state," than the law of that state as against Iowa companies exists in this state against its companies. The law of New York in terms prohibits an insurance company organized under the laws of Iowa from making in New York more than one of the kinds of insurance made by the defendant in this state, and that law of itself places on the statute book of Iowa the law that the defendant, being an insurance company organized under the laws

of New York, can make but one of such kinds of insurance in this state. It is not important nor necessary to the existence of the law here that an Iowa company should go to New York to test the sincerity of the people in the enforcement of her laws; nor is such a step necessary to the enforcement of the law in this state. A spirit of comity between the states should induce a belief that their laws are made in good faith, and for observance. The sting of the adder may be necessary in some cases, to avoid encroachments, but such necessity is not the result of a law or rule of action. See *Phœnix Insurance Co. v. Welch*, 29 Kan. 672; *Home Insurance Co. v. Swigert*, 104 Ill. 653.

It is urged in argument that a company organized in Iowa could only make one of such kinds of insurance here, because it would be prohibited from doing more by our laws, and hence the laws of New York would not prevent it from doing in that state what it could do in this under Iowa law. But we fail to see how that reaches the question. It is not the question if New York does as well by Iowa insurance companies as Iowa itself does, but does New York deny privileges to Iowa companies, or, perhaps, in better terms, does it impose prohibitions? If so, the same prohibitions are imposed in return as against New York companies. By the demurrer the fact of such prohibitions is admitted, and we think the defendant can legally make but one of the kinds of insurance in this state. It is not necessary to consider the third ground of the demurrer, as under this holding the judgment of the district court must be

AFFIRMED.