Minshall, J.
1. The defendant is a fidelity and casualty insurance company, organized under the laws of the state of New York, and doing, in this state, what, by the laws of New York, is authorized and known as four lines of such insurance, to-wit: First, against injury, disablement or death *442 of persons resulting from traveling, or general accidents by land or water; Second, guaranteeing tbe fidelity of persons bolding places of public or private trust; Third, upon plate glass against breakage; Fourth, upon steam boilers against explosion, and against loss or damage to life or property resulting therefrom. Its right to do more than one of such lines of business in this state is challenged by the Attorney General on the ground that, by the laws of New York, no company incorporated in this state can transact in that state more than one of such lines of insurance; and, therefore, under the provisions of sec. 282, Revised Statutes, of this state, it has no right to make in this state more than one of the lines of insurance it is doing. That section reads as follows:
“When, by the laws of any other state or nation, any taxes, fines, penalties, license fees, deposits of money, or of securities or other obligations or prohibitions are imposed on insurance companies of this state, doing business in such state or nation, or upon their agents therein; so long as such laws continue in force, the same- obligations and prohibitions, of whatever kind, shall be imposed upon all insurance companies of such other state or nation doing business within this state, and upon their agents here.”
A demurrer to the petition, objecting to the jurisdiction of the court, as well as to the sufficiency of the pleading, having been overruled, the defendant, as a third defense to the petition, answered, “That under the laws of New York it is legally authorized and empowered to do, and is now doing, the four lines of insurance in that state, which the petition charges it with illegally doing in Ohio; and that under the laws of Ohio a corporation could be legally incorporated and organized with power to do the same four lines of insurance, or any one or more of them therein, but that no such company has yet been organized to do said four lines of insurance in Ohio, and hence no such company has yet made, or could make, application to the proper officers in New York for a license to do said four lines of insurance in the state of New York.” A demurrer to this defense having been overruled, the plaintiff asked leave to reply in substance as fol *443 lows: That on January 13, 1887, the requisite number of persons, citizens of Cuyahoga county, “ subscribed and acknowledged articles of incorporation,” stating therein the name, place of business and capital stock of the proposed corporation, and its object, to-wit: Under paragraph 2 of sec. 3641, Revised Statutes, to do the four kinds of insurance now being done by the defendant in this state; and the same having been approved by the Attorney General as in conformity to the laws of the state, were then filed and recorded in the office of the Secretary of State of Ohio, “ whereby,” it is averred, “ an Ohio Corporation was duly and legally formed for the purpose of doing the lines of insurance mentioned in the articles of incorporation.”
As no report has heretofore been made of any of the rulings of the court in the progress of the case, it is proper that two of them should be noticed before passing on the application for leave to reply: That is to say, (1), the jurisdiction of the court, and, (2), the sufficiency of the third defense.
1. It is claimed that as the defendant is a foreign corporation it cannot be affected by a proceeding in quo warranto in the courts of this state, That it cannot be ousted of the right to be a corporation nor of any of the franchises conferred on it by the laws of New York, is not doubted; but as to such franchises and privileges as are derived from the laws of the state of Ohio, it is as much amenable to the courts of this state as an Ohio corporation, and when found exercising such franchises without authority of law, it may be ousted therefrom, as held in State ex rel. v. Insurance Co., 47 Ohio St., 167, decided since the commencement of this action.
2. Upon the facts stated in the thirá, defense it is claimed, that the defendant is not affected by the provisions of section 282, Revised Statutes, on which the demand of the state is based. The character of this section is relative to its construction. It is claimed to be reciprocal in character, ánd should therefore be liberally construed. A little reflection will, we think, show that it is -not of this nature, but, upon the other hand, retaliatory, and should therefore be strictly *444 construed; or, in other words, not applied to a case that does not fairly fall within its letter. Reciprocity expresses the act of an interchange of favors between persons or nations ; retaliation, that of returning evil for evil, or disfavors for disfavors. Accurately speaking, we reciprocate favors and retaliate disfavors. This then is a retaliatory statute, It treats the companies of other states as Ohio companies are •.treated in those states; but the moment it is made to appear that Ohio companies are not treated with the same favor in another state, that companies of that state are treated in Ohio, a case is made for the application of its provisions, and retaliation follows as a result.
It is true that the ultimate object of the statute is to secure reciprocity; but what we have now to do with, is not its ultimate, but its immediate object, and that is to retaliate on the companies of a given state, disfavors shown to Ohio companies in the same state,
'The question then arises, the averments of the third defense being admitted, is a case made for the application of the provisions of the statute to the defendant? We think not. It is admitted that Ohio companies may be, but it is averred that none have been, formed to do the four lines of insurance which the defendant is doing in this state. Hence, no case is made for the application of the statute— the language being, “ When, by the laws of any other state * * any * * prohibitions are imposed on insurance companies op this state, doing business in suck state, * * so long as such laws continue in force * * the same prohibitions, of whatever kind, shall be imposed upon, all insurance companies of such other state * ‡ doing business in this state.” To bring a case within the statute, there must, at least, be an Ohio company formed to which the prohibitions of the New York statute would apply, should it attempt to enter and do business in that state. It is said that the very reason that there are no such Ohio companies, may be the existence of this New York statute. This is a very remote conjecture, yet admitting its possibility, does not vary the language of . our statute. If it should be deemed desirable to foster the formation of such Ohio com- *445 patties to do business in other-' states, it ■ can easily be accomplished by the legislature making the statute apply where Ohio companies may be, as well as where they are, formed to do such business in other states. We do not believe that any lawyer would affirm that an indictment drawn upon such a statute as this would be good, that failed to aver the existence of an Ohio company to which the discriminating features of the statute of the other state might apply. And there is no reason why a different rule of construction should be adopted in this proceeding. The consequences to the defendant are of a penal nature. If found guilty as charged, it must not only abandon the business it has established, but cease to do more than one of its lines of business in the state, so long as the legislation of the two states remains unchanged.
In construing this statute according to its letter, we have, as we believe, given expression to the intention of the legislature. It is a just compliment to human nature to say, that, as a general rule, every man would prefer to have his favors construed largely and his. disfavors narrowly: In other words, no one would deliberately do more injury to another than is required by his own interests, and would regard it as an honor to be as generous as he could; and, that such are the sentiments of the civilized man, is apparent from all writers upon public law.
Decisions in some of the other states have been cited which, it is claimed, sustain the construction placed on our statute by the relator. We have examined these decisions» and find none of them upon statutes worded as our own’ The case of State ex rel. Phillips v. Fidelity & Casualty Co., 77 Iowa 648, (being the same company defendant in this case) is relied on as in point. By the language of the statute in that state (Iowa), it is put into operation “ When by the laws of any other state any * * * prohibitions are imposed, or would be imposed, on insurance companies of this state doing, or that might seek to do, business in such other state.” It was there held, that through the language of their statute* just quoted, the existence of the law in another state, is sufficient to put the law of Iowa in force, without showing *446 that the state of New York has ever actually enforced its law against an Iowa company. But, we submit, that this is so by reason of language found in the Iowa statute, and which is not found in our statute; and to give to our statute the same construction would require us to read into it, language found only in the Iowa statute. The following cases are also cited as authority. Phœnix Ins. Co. v. Welch, Supt. 29 Kan., 672; State v. Fidelity & Casuality Insurance Co., 39 Min. 539; Insurance Co. v. Swigert, 104 Ill. 655; Talbott v. Fidelity & Casualty Co., 22 Atlantic Reporter, 395. The wording of the statue in each case, as before stated, differs from our own; but, if it were otherwise, we should require more cogent reasons than any that have been suggested, to induce us to depart from well recognized principles of construction, by reading into a statute of this character, words not found in its text, for the purpose of giving it a construction in conformity to its supposed policy.
3. The next question is, should leave be given to file the proposed reply to the third defense ? We think not, for the reason that it does not show that an Ohio company has been formed to do the four lines of insurance in which the defendant is engaged. It will be observed that it does not aver that any officers or directors have been chosen, or that any of the stock has been subscribed, or that any organization whatever has been effected. It is simply that “articles of incorporation” have been made, and filed and recorded in the office-of the Secretary of State. Articles of incorporation do not make an incorporated company; they are simply authority to do so.
Before disposing of the case, it may be well enough to notice another defense, relied on in the answer, and to which a demurrer has been sustained; and that is, the license granted the defendant to do business in this state by the Huperintendant of Insurance. We are all of the opinion that the issuing of a license to a foreign insurance company to do business in this state, is a ministerial and not a judicial act, and, whilst it will protect the company in the transaction of its business during its continuance, is not a bar to a proceeding against it in quo warranto, where it is found to be *447 exercising any of the franchises of the state, without authority of law. State v. Fidelity & Casualty Ins. Co., 39 Min. 538; and cases cited in brief of counsel for relator.

Application for leave to reply to the third defense of the answer overruled, and petition dismissed.