GEORGE F. COTTON, ADMINISTRATOR, v. FIRST NATIONAL BANK OF SUPERIOR.

FILED JUNE 3, 1897. No. 7263.

1. **Lien of Judgment: EXPIRATION.** A judgment ceases to be a lien on the land of the judgment debtor after five years, if execution is not sued out within such time.

2. ——: ——: PLEADING. *Held,* That the cross-petition failed to state sufficient facts to show the judgment set up therein had not become dormant.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J.   *Affirmed.*

*H. W. Short* and *S. W. Christy,* for plaintiff in error.

*Searle & Coleman, contra.*

NORVAL, J.

The First National Bank of Superior, on the 23d day of August, 1895, instituted an action in the court below to foreclose a real estate mortgage executed on June 25, 1889, by F. P. Bonnell and Alice L. Bonnell, his wife, covering certain real estate situate in Superior. George F. Cotton, administrator of the estate of T. P. Coin, deceased, and others were made parties defendant. The administrator filed an answer and cross-petition setting up the recovery of a judgment on June 5, 1888, by Daniel W. Barker and said T. P. Coin, in the county court of Nuckolls county, against said F. P. Bonnell, for the sum of $980 and costs taxed at $9, the filing of a transcript of said judgment on the following day in the district court of said county, and praying that said judgment be declared the first lien against the mortgaged premises. This is a proceeding to review the judgment of the court below sustaining a general demurrer to the answer and cross-petition.

A single question is presented by the record, and that is, whether the judgment obtained by Barker and Coin against F. P. Bonnell is a lien upon the real estate described in the mortgage. It is disclosed by the averments of the cross-petition that this judgment was rendered on June 5, 1888, or more than five years prior to the commencement of this action to foreclose the mortgage, and the pleading contains no allegation that an execution has ever been issued upon such judgment, from which counsel for the bank argue that the judgment had become dormant, and, therefore, was not a lien upon the lands of the judgment debtor within the county. In the light of section 482 of the Code of Civil Procedure, we are convinced that this argument is unanswerable. It declares that "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the

date of the last execution issued on such judgment and
the time of suing out another writ of execution thereon,
such judgment shall become dormant, and shall cease to
operate as a lien on the estate of the judgment debtor."
In considering this provision in *Flagg v. Flagg*, 39 Neb.,
229, it was said: "It is obvious that in case a judgment
creditor fails for more than five years after the date of
his judgment to sue out an execution, the judgment be-
comes dormant and ceases to be a lien upon the real
estate of the defendant. We see no escaping the conclu-
sion that where a judgment becomes dormant, its lien
is thereby lost as against a mortgage made by the debtor
during the life of the judgment."

It is conceded by counsel for the administrator, if
there was nothing intervening to suspend the running
of the statute of limitations, the judgment in question
was dormant, and the demurrer to the cross-petition was
properly sustained; but it is strenuously urged that the
pleading assailed discloses that the enforcement of the
judgment was enjoined from the last of the year 1890 to
the spring of 1893, at the suit of Bonnell, which prevented
the judgment from becoming dormant. If the premises
were true, then, under the provisions of section 509 of
the Code of Civil Procedure, the conclusion drawn by
counsel would be irresistible. But the cross-petition
does not aver that the collection of this judgment was
ever prevented by injunction. It merely alleges "that
during 1890 the defendant, Franklin P. Bonnell, to pre-
vent this cross-petitioner from collecting said judgment,
commenced injunction proceedings in the district court
of Nuckolls county to obtain an order to perpetually en-
join the collection of said judgment." The pleading fur-
ther charges that said Bonnell, in 1893, dismissed his
said suit. It is not disclosed that a temporary injunction
or restraining order was ever allowed in said action to
stay the enforcement of the judgment, or that an injunc-
tion bond was ever given. For aught that appears in
this record, the judgment creditors could have sued out

52

an execution on said judgment had they so desired. The suit was to perpetually enjoin the judgment; no restraining order was ever asked in the cause, so far as the record shows. No execution having been issued on the judgment, and the failure to take out one not having been occasioned by the granting of an injunction or by any other act of the debtor, the judgment was dormant when the foreclosure case was commenced and the decree therein was rendered. The cross-petition did not state a cause of action for another reason. It did not aver that the mortgaged premises were, or ever had been, owned by Mr. Bonnell, the party against whom the transcripted judgment was entered. If the premises belonged to the wife, the judgment sought to be enforced was not a lien thereon. There was no error committed in sustaining the demurrer, and the judgment is

AFFIRMED.