SARAH NUTT, Plaintiff, *v.* JAMES R. CUMING, Respondent; EDWARD
L. CAREY, Appellant, Impleaded with Others.

*Mortgage foreclosure — a judgment a lien upon the premises when the judgment of
foreclosure was entered, which ceased to be a lien before the sale, should not be paid
from the surplus moneys — effect of a notice filed under Code of Civil Procedure
§ 1252.*

The holder of a judgment against a mortgagor which, by reason of the expira-
tion of the ten years during which it is a lien upon real property, ceases after
the entry of a judgment of foreclosure, in an action to which the judgment
creditor is a party and before the sale thereunder, to be a lien upon the mort-
gaged premises, is not entitled to its payment from the surplus moneys realized
upon such sale, as against a purchaser of the equity of redemption in the mort-
gaged premises.

A notice subscribed by a sheriff and filed under section 1252 of the Code of Civil
Procedure, where a levy is made by him after the ten years have expired, is
only notice to a subsequent purchaser or incumbrancer from the date of its
filing — it does not continue the lien.

APPEAL by the defendant, Edward L. Carey, from so much of an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 11th day of June, 1897, as overrules his exceptions filed to
the report of a referee, to whom it was referred, to ascertain the
liens upon the surplus moneys, and as confirms the said report and
directs the chamberlain of the city of New York to pay to the claim-
ant, James R. Cuming, or his attorneys, a sum of money, with inter-
est, in this action brought to foreclose a mortgage.

*William L. Clark*, for the appellant.

*Henry Thompson*, for the respondent.

INGRAHAM, J. :

On the 9th day of August, 1882, the defendant Cuming, the
respondent, recovered judgment against one Thomas Kerrigan,
who was the owner of the property, a mortgage upon which was
foreclosed in this action, and on that day a transcript of said
judgment was duly filed in the office of the clerk of the city
and county of New York, and became a lien upon said prop-
erty, subject to the lien of the mortgage to foreclose which this

action was brought, the mortgage in suit having been executed and recorded on the 14th day of January, 1882. On or about the 1st of October, 1891, this action to foreclose the mortgage was commenced, the respondent Cuming was made a party defendant, and a notice of pendency of action was duly filed on the same day. Such proceedings were had that judgment of foreclosure and sale was entered on the 13th day of January, 1892. Thus, when the action was commenced, and final judgment entered, Cuming's judgment was still a lien upon the property, subject to the mortgage under foreclosure. The sale of the property under this judgment, however, was suspended until about December, 1896, and on the 18th day of December, 1896, an order of reference was entered to ascertain and report the amount due to the parties to the action, which is a lien upon the surplus moneys arising upon such sale. The referee has allowed to Mr. Cuming the amount of his judgment, and interest, and from an order confirming that report this appeal is taken.

The appellant insists that as the Cuming judgment was entered on the 9th day of August, 1882, it ceases to become a lien upon the mortgaged premises ten years from that time, and that at the expiration of that time, as such judgment ceased to be a lien upon such property, Cuming had no lien upon the surplus moneys realized upon a sale of the property after the judgment had ceased to be a lien thereon, and which stood in the place of such property. The lien of a judgment is provided for by section 1251 of the Code of Civil Procedure. That section says that " a judgment, hereafter rendered, which is docketed in a county clerk's office   *   *   *   binds, and is a charge upon, for ten years after filing the judgment roll, and no longer, the real property and chattels real in that county, which the judgment debtor has at the time of so docketing it, or which he acquires at any time afterwards and within the ten years." Section 1252 of the Code of Civil Procedure prescribes how real property may be levied upon when the period of ten years after the filing of the judgment roll has expired. In that event there must be filed with the clerk of the county a notice subscribed by the sheriff, describing the judgment, the execution, and the property levied upon. That notice must be recorded and indexed, and, for the purpose of such levy, " the judgment debtor, or his heir or devisee named in the notice, is regarded as a party to an action. The

judgment binds and becomes a charge upon the right and title thus levied upon of the judgment debtor, or of his heir or devisee, as the case may be, only from the time of recording and indexing the notice, and until the execution is set aside or returned." The Code thus expressly limits the period during which a judgment is a lien upon real property. After the ten years from the date of the filing of the judgment roll have expired, the property is released from all lien of the judgment, and it cannot even be levied upon by an execution, except upon filing the notice specified in section 1252 of the Code.

When this action was commenced the respondent Cuming had a lien upon this property, subject to the mortgage which was foreclosed. He was then a proper party defendant, and, upon the entry of the final judgment in the foreclosure suit, he still had such a lien. That lien, however, expired on the 9th day of August, 1892. After that time the real property of the judgment debtor was free from any lien of the judgment. The record shows that prior to the sale of the property under foreclosure, the judgment debtor had conveyed the property subject to the mortgage, and that at the time of the sale the property was vested in the appellant, and was then free from the lien of the respondent's judgment. Neither the commencement of the action to foreclose the mortgage, nor the entry of the judgment in that action, divested the appellant of the title of the property. The legal title was still vested in him subject to the mortgage, and to the enforcement of the judgment of sale to foreclose the mortgage, but until that sale actually took place, the owner of the equity of redemption was not divested of that title, the mortgagee simply having a lien upon the property, with a right to enforce that lien by sale. When the sale actually took place, and upon the delivery of the referee's deed, the title to the mortgaged premises then passed to the purchaser, and the surplus realized upon the sale stood in the place of the equity of redemption. The surplus money realized from the sale stands in the place of the mortgaged premises as they existed at the time of the sale. Any conveyance or charge upon such premises, made after the entry of the judgment and before the sale, would be a lien upon the surplus moneys; and so, any lien or charge which has ceased to be a

valid lien at the time of the sale, ceased to bind the surplus moneys which stood in the place of the property sold.

It seems clear that, under the section of the Code before cited, this judgment creditor could not, after August 9, 1892, have enforced this judgment against this property, as it had ceased to be a lien thereon at that time. The judgment had ceased to be a lien upon the land, and as between the grantee of the judgment debtor and the judgment creditor, the judgment creditor had no right to the surplus money in this action. Nor does the filing of the *lis pendens* or the commencement of the action continue the lien of the judgment creditor. The only effect of such notice of pendency of action is, that it is constructive notice, from the time of so filing the notice only, to a purchaser or incumbrancer of the property affected thereby, from or against a defendant with respect to whom the notice is directed to be indexed. (Code, § 1671.)

We think, therefore, that the lien of the judgment having terminated before the sale, the judgment was not a lien upon the surplus money, and that the order should be reversed, with ten dollars costs and disbursements, with a direction that the money be paid to the appellant.

Van Brunt, P. J., Rumsey and Williams, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.