## RUTH v. WELLS *et al.*

1. When an action to enforce a judgment lien on real estate, given by Comp. Laws, § 5104, making a judgment a lien on the judgment debtor's real estate which he may have in the county at the time the judgment is docketed, or which he shall acquire thereafter, for 10 years from the time of the docketing, is commenced and brought to issue within such period of 10 years, but not reached for trial until after the expiration thereof, the lien is lost.

2. Where the judgment lien on real estate given by Comp. Laws, § 5104, making a judgment a lien on the judgment debtor's real estate for 10 years from the time of docketing the judgment, is lost because an action to enforce it, commenced within the 10 years, was not reached for trial until after the expiration thereof, a notice of the pendency of the action cannot operate to prolong the lien, as the only effect of a *lis pendens* , under *Id.* § 4897, is to impart constructive notice to subsequent purchasers or incumbrancers.

(Opinion filed August, 29, 1900.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by Christian S. Ruth against Nathan W. Wells and others to enforce the liens of two judgments. From a judgment for defendants, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Moody, Kellar & Moody,* (*Edwin Van Cise* and *W. R. Steele* of Counsel), for appellant.

No statute of limitations, nor any bar by analogy to the statute, can be relied on as between a trustee of an express trust and his *Cestui qui* trust. Kane v. Bloodgood, 7 John Ch. 90; Speidal v. Henrici, 15 Fed. 753; Preston v. Walsh, 10 Fed. 3, 15; Oliver v. Piatt, 3 How. 333; Pulliain v. Pulliain, 10 Fed. 23; Taylor v. Benham, 5 How. 233; Norris appeal, 71 Pa. St. 106: 13 Am. and Eng. Ency. Law 684.

A third party acquiring from a Trustee, except in good faith, and for a valuable consideration, is chargable in an action brought by the beneficiary. Kimmel v. Dickson, 5 S. D. 221; Meyer v. Board, 32 Pac. 658; Hubbard v. Aloneo, 36 Pac, 1053; Van Allen v. Bank, 52 N. Y 1; Baker v. Bank, 100 N. Y. 31; Tweed Case, 5 Hun. 356; Bank v. Ins. Co. 104 U. S. 54; ·Angle v. Railroad, 151 U. S. 1.

Where the levy is made within the statutory period, but sale made afterwards, the sale is good and title passes. Bank v. Wells, 120 Mo. 361; Dursett v. Hulse. 67 Mo. 201; Riggs v. Goodrict, 74 Mo. 108; Ludeman v. Hirth, 55 N. W. 449; Brown v. Hopkins, 77 N. W. 899.

*McLaughlin & McLaughlin,* for respondents.

Under our statute the lien of the judgment expired in 10 years. Wilson v. Smith, 2 Code Rep. 18. Ex Parte Peru Iron Co. 7 Cow. 619; Little v. Hawley, 9 Wend. 157; Ex Parte Lawrence 4 Cow, 417; Purdy v. Doyle, 1 Paige Ch. 558; Mow-

er v. Kiss, 6 Paige Ch. 88; Tufts v. Tutts, 18 Wend. 621; Druegre
v. Ham, 13 Ia. 240; Gower v. Winchester 33 Ia. 303; Davis v.
Showhan, 34 Ia. 91; Crawford v. Taylor, 42 Ia. 260; Albee v.
Curtis, 42 N. W. 508; Polk Co. v. Nelson, 43 N. W. 80; Lakin
v. McCormick, 46 N. W. 1061; Dunton v. McCook, 61 N. W.
977; Hauson v. Teapout, 73 N. W. 875.

After the lien of the judgment has expired, the lien can-
not be enforced. 1 Black on Judg, § 468; Smith v. Mendith, 30
Md. 429; Hulchmem v. Grubbs, 80 Va. 251; McIver v. Ragan,
2 Wheat, 25; French Lessee v. Spencer, 21 How. 228; Ytur-
bide's Executors, v. U. S.

Fuller, P. J.　To enforce the lien of two judgments ren-
dered and docketed in the year 1887 on the 31st day of August
and the 13th day of October, respectively, this action in equity
was commenced on the 31st day of July, 1897, but, owing to an
adjournment of the first term at which the action was triable
from September 14, 1897, to Nov. 23d immediately following,
more than 10 years had elapsed since the docketing of the judg-
ments, and the court, adopting the theory of defendants' coun-
sel, dismissed the action for the reason that the liens sought
to be enforced were lost by operation of law, and plaintiff ap-
peals from a judgment accordingly entered.

On the 20th day of January, 1890, the judgment debtor ac-
quired the real property described in the complaint, and a few
days prior to his death, which occurred on the 14th day of
July, 1891, he conveyed a certain interest therein to his wife,
the respondent Florence Pierce, and another interest to George
C. Hickok, the grantor of the respondent Nathan W. Wells,
who is still the owner thereof. On the 12th day of January,

1892, respondent Florence Pierce mortgaged her interest to the defendent Grosbach, who failed to appear in this action, and requires no further attention. By his last will the judgment debtor, Moses Pierce, deceased, appointed his wife, the respondent Florence Pierce, executrix, and said George C. Hickok executor thereof; and, while appellant's claim was duly presented and allowed, it is contended that an alleged delay of a little more than two months in the course of administration should be deducted from the ten-years time that a judgment is a lien, under the following statutory provision: "On filing a judgment roll upon a judgment directing in whole or in part the payment of money, it may be docketed with the clerk of the court in which it was rendered in a book to be known as the judgment docket,   *   *   * and it shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time thereafter for ten years from the time of docketing the same in the county where it was rendered." Comp. Laws, § 5104. The controlling question is whether the lien of a judgment upon real property given by the foregoing statute may be prolonged by a court of equity beyond the period fixed thereby, when a suit to enforce the same is commenced and at issue within such period of 10 years, but not reached for trial until after the expiration thereof. According to a well known rule, courts must apply statutes enacted without excepting any one from the operation thereof, regardless of what they may think the legislature would have done if certain contingencies had been considered;

and when such statutes begin to run it is beyond judicial power to arrest their action. In other words, the legislature makes the law, and, as the courts find it, so must it be used, without excepting therefrom cases clearly within its provisions, and without the extension of its terms to cases neither within its spirit nor reason. Appellant's right of action accrued years before the commencement of this suit, the maintenance of which was not impeded by the death of the judgment debtor or the pendency of administration, and this court has no power to extend the lien of his judgments beyond the statutory period. In Adams v. Crosby, 84 Tex. 99, 19 S. W. 355, that court, in construing a statute which makes a judgment a lien on land for 12 months from the date thereof, held that a judgment ceases to be a lien at the end of 12 months, even though a levy was made under execution within that period; and a purchaser at the sale, held after the expiration thereof, acquired nothing. Under the Minnesota statute a judgment survives, and the lien thereof continues, for the period of 10 years, and it was held that the commencement of an action, within such time, to subject real property to the satisfaction of a judgment, did not operate to extend such period, and that by its expiration during the pendency of such action both the lien and the judgment ceased to exist. Newell v. Dart, 28 Minn. 248, 9 N. W. 732. In this case, after citing a large number of authorities to the effect that the pendency of an execution levied during the life of a lien will not extend the same beyond the statutory period for which a judgment is made a lien, and that the sale must take place within that period, the court say: "It is true that these are all cases where the judgment creditor was proceeding entirely under his execution at law against

property which could be taken and sold upon it. But we think they are in principle entirely analogous to the case at bar. We fail to see any distinction in principle between a case where, for the purpose of enforcing his judgment. a party resorts to execution to reach property liable to such process, and a case where, for the same purpose, he proceeds by creditors' bill or supplementary proceedings to reach assets not subject to execution. In both cases the object is the same,—to reach property of the debtor in order to satisfy an existing judgment, —and there is no more reason why a creditors' bill or supplementary proceedings (which are a statutory substitute for the former) should continue the life of a judgment beyond the statutory period in the one case than that a levy under an execution should do so in the other. We are, therefore, of opinion that plaintiff's judgment became barred, and ceased to exist, either as a cause of action or as a lien, during the pendency of this action." It has been so held where an execution was levied and an action commenced to enforce the lien before the expiration of the time fixed by statute, and the postponement was pursuant to an agreement of all the parties. Gardenhire v. King, 97 Tenn. 585, 37 S. W. 548.

Under a statute creating a lien for 10 years by the docketing of a judgment, the court, in McCaskill v. Graham, 121 N. C. 190, 28 S. E. 264, say: "Where one buys land subject to a judgment lien, his title is freed from the incumbrance after the lapse of ten years from the date of docketing." Courts of equity must follow the statute creating a judgment lien, and, when the time of its duration has expired, it is not enforceable, either at law or equity. Hutcheson v. Grubbs, 80 Va. 251. In Isaac v. Swift, 10 Cal. 71, the court, in holding that the levy

and sale must both be made within the period of two years limited by statute, say: "It required express words of the statute to create the lien, and it equally requires express words to continue it beyond the time specified." To the proposition that the general statute of limitations, in so far as it relates to that which prevents the running of such statute, has no application to the duration of a judgment lien which "the mere lapse of time annihilates," the case of State v. Fidelity & Casualty Co., 77 Iowa, 648, 42 N. W. 509, is in point. In Indiana, as in this state, the duration of a judgment lien for a period of 10 years is fixed by statute. In a recent case, where an action was brought by a judgment lien holder to subject land to the payment of his judgment, it was found that at the time the suit was commenced the lien of the judgment was valid, and superior to the rights of all others, but that before the trial of said cause the 10-years limitation had expired; and it was held that the plaintiff could not recover, and that it was error to enter a decree subjecting the land to the payment of the judgment. The ruling is put upon the theory that the courts have no power to extend the lien of a judgment. McAfee v. Reynolds, 130 Ind. 33, 28 N. E. 423, 18 L. R. A. 211. In such cases the existence of a cause of action at the time the suit is commenced, and its statement in the complaint, is not without proper proof, sufficient to justify a decree in accordance therewith; and when, in the meantime, a lien sought to be enforced on land was rendered lifeless by positive and inexorable law, the action cannot be maintained, because the right existing only by force of statute has been by force of statute destroyed and lost by the lapse of time. Cotton v. Bank, 51 Neb. 751, 71 N. W. 711; Nutt v. Cuming (Sup.) 47 N. Y. Supp. 800;

Boyle v. Maroney, 73 Iowa, 70, 35 N. W. 145; Flagg v. Flagg (Neb.) 58 N. W. 109; Bradfield v. Newby (Ind. Sup.) 28 N. E. 619; Bridges v. Cooper (Tenn. Sup.) 39 S. W. 723. Manifestly, the notice of the pendency of the action filed by appellant would not operate to prolong his judgment liens, as the only effect of a *lis pendens* is to impart constructive notice to subsequent purchasers or incumbrancers of the property affected thereby. Comp. Laws, § 4897. The rule of universal importance to the owners of real property and society in general is that time, when it has once commenced to run by operation of statute will not cease to do so by reason of any subsequent event or condition for which the statute has not expressly provided. While an occasional hardship may result from a delay for which the party is in no way responsible, the statute is beneficial during its life-time, rests upon sound public policy, and it must be construed to effectuate the intention of the legislature. Our conclusion, therefore, is that the lien of appellant's judgments terminated before the trial, and the judgment appealed from is affirmed.