## McGINNIS v. SEIBERT *et al.*

### No. 2738.   Opinion Filed April 14, 1913.

1. **EXECUTION—Issue of—Dormant Judgment.** Under section 5969, Comp. Laws 1909, which provides that, "if execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor," a judgment will cease to operate as a lien five years after its rendition where no valid execution is issued within that time, and a judgment cannot be rendered foreclosing the lien after the expiration of five years, though the proceedings to foreclose it had been begun before the expiration of the five years.

2. **SAME—Authority to Issue—Clerk of Court.** An execution issued by the clerk of the district court upon a judgment of the probate court, a transcript of which has been filed in his office, is void.

(Syllabus by Rosser, C.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by W. G. McGinnis against J. H. Seibert, George Outhier, and John Horn to foreclose a judgment lien. Judgment for defendants, and plaintiff appeals. Affirmed.

*H. M. Bear,* for plaintiff in error.
*Foose & Brown,* for defendants in error.

Opinion by ROSSER, C.   The plaintiff in error, W. B. McGinnis, hereinafter called plaintiff, obtained judgment in the probate court of Blaine county against John Horn on the 2nd day of May, 1904. At that time Horn owned certain land, the subject of controversy in this proceeding. On the 13th of April, 1906, Seibert conveyed the land to Outhier. September 17th, 1908, the plaintiff caused a transcript of the judgment to be filed in the office of the clerk of the district court of Blaine

county, and caused execution to be issued by the clerk of the district court on the 18th of September, 1908, and again on the 9th of December, 1908. Both of these executions were returned unsatisfied because nothing could be found on which to levy. · On the 8th of April, 1909, plaintiff began this proceeding by filing, in the district court of Blaine county, what he called a motion, in which he moved the district court to order the sale of the land formerly owned by Horn to satisfy the judgment. The matter was heard March 11th, 1910, and the court rendered judgment declaring that the plaintiff had no lien on the land, and refusing to make an order to sell the land. This appeal is taken for the purpose of reversing that judgment.

It is not necessary to decide all of the numerous grave questions which are presented in the case, or which lurk about its outskirts. Section 5969, Comp. Laws 1909, provides that,

"If execution shall not be sued out within five .years after the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ· of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

At the time the motion in this case was filed five years had not elapsed from the rendition of the judgment, but at the time the matter was heard more than five years had . elapsed. Plaintiff had not sued out any valid execution. The ·executions issued by the clerk of the district court were void. He had no right to issue execution on the judgment of the probate court. Section 5941, Comp. Laws 1909; *Hudson v. Ely,* 36 Okla. —, 129 Pac. 11. No valid execution could be issued except from the county court. At the time the judgment was rendered in this proceeding it had ceased to be a lien upon the property of the defendant, Horn, and, of course, on property purchased from him. The case of *Ruth v. Wells,* 13 S. D. 482, 83 N. W. 568,

79 Am. St. Rep. 902, is entirely in point. The syllabus in that case is as follows:

"A judgment lien cannot be prolonged by a court of equity beyond the period fixed by the statute, though the suit is commenced and at issue within such period, but is not reached for trial until after the expiration thereof. Courts must apply statutes enacted without excepting anyone from the operation thereof, regardless of what they may think the legislature would have done if certain conditions had been considered; and when such statutes begin to run, judicial power cannot arrest their action. * * * The filing of a notice of action to enforce a judgment lien cannot, where the lien has expired before the action is tried, have any effect in extending the lien, nor entitle the judgment creditor to enforce it in any manner."

The statute of Tennessee made a judgment of a court of record a lien upon the land of a judgment debtor, and provided that, "a lien thus given will be lost unless an execution is taken out and the land sold within twelve months after the rendition of judgment or decree." The court held in the case of *Gardenhire v. King,* 97 Tenn. 585, 37 S. W. 548, that the lien expired at the end of one year, and in the course of the opinion said:

"Nor is it extended beyond the statutory period because the creditor has, by an agreement with his debtor, prevented himself from calling for an execution during the whole or the greater part of that time. This is a misfortune which the law has made no provision for. Nor can he extend or perpetuate it by resorting to a court of equity. *Harrison v. Wade,* 3 Cold. 501. In the case at bar the remedy which the statute gave complainant was clear. His judgments were final and unappealed from. His debtor was, at their date, the legal owner of the real estate which he now seeks to reach. But for the fact that he tied his own hands by an agreement, his executions might have been issued and the property have been sold, and his and the purchaser's right at such sale would have prevailed. The fact that the others had taken conveyances of and secured levies on the property, in the meantime, would have been altogether unimportant. But unfortunately for complainant his judgment lien expired within a very few days after the filing of his bill in this cause, and whatever rights he had at the hearing by the chancellor depended alone upon the lien acquired by the levy of his execu-

tions, and this was subordinate to the rights of such of the defendants as may have made legal levies or secured *bona fide* and properly registered conveyances prior thereto."

It has been held in a number of cases that the bringing of an action to enforce a lien will not preserve the lien beyond the time fixed by the statute, if the time expires before the action is tried. *State v. Fidelity Co.,* 77 Iowa, 648, 42 N. W. 509; *McAfee v. Reynolds,* 130 Ind. 33; *Flagg v. Flagg,* 39 Neb. 229; *Bridges v. Cooper,* 98 Tenn. 394.

All authorities hold that as judgment liens are creatures of statutes, the provisions of the statutes as to time within which they can be enforced must govern. *Hutcheson v. Grubbs,* 80 Va. 251; *Isaacs v. Swift,* 10 Cal. 71; *Cotton v. First Nat. Bank,* 51 Neb. 751; *Nutt v. Cumong,* 47 N. Y. Supp. 800; *Boyle v. Maroney,* 73 Iowa, 70. In *McGaskill v. Graham,* 121 N. C. 190, it was held that where one bought land subject to a judgment lien, his title was freed from the lien after the expiration of the time provided by the statute during which the lien should continue.

The question whether there is any method under the laws of Oklahoma by which lands can be sold to satisfy judgments of county courts has not been considered, and nothing in this opinion should be taken as authority on that or any other proposition not specifically decided.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.