REFCO, INC. *v.* HEINOLD COMMODITIES, INC.; John Collis and Wanda Collis, et al.

87-330                                      746 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Friday, Eldredge & Clark*, by: *Kevin A. Crass*, for appellant.

*Stanley, Harrington & Watson, P.A.*, by: *Roy E. Stanley*, for appellees.

ROBERT H. DUDLEY, Justice. The creditor-plaintiff filed a foreclosure action against the debtors and named as additional defendants some other creditors who might have held inferior liens. One of the other creditors, Refco, appeals the trial court ruling that its judgment lien had expired. We affirm.

On February 27, 1984, appellant Refco obtained a judgment in a separate action in federal district court against one of the debtor-defendants who also was the titleholder of the Benton County real estate being foreclosed in this action. On November 28, 1984, the judgment was recorded in the Benton County judgment book. Ark. Stat. Ann. § 29-130 (Repl. 1979) provides that a judgment granted by a federal district court becomes a lien on real estate when a certified copy of the judgment is recorded in the permanent judgment records of the county where the judgment debtor owns real estate. Although amended in 1985, at all times material to this action Ark. Stat. Ann. § 29-131 (Repl. 1979) provided that a judgment lien would "continue in force for three [3] years from the date of the judgment and may be revived." Ark. Stat. Ann. § 29-602 (Repl. 1979) provides that a judgment lien may be revived by suing out a scire facias.

Refco did not sue out a scire facias within three years from the date of the judgment, and the trial court held that the judgment lien expired February 27, 1987, which was three years from the date of the judgment. Refco contends that the trial court's ruling was erroneous, arguing that the plaintiff filed her complaint in foreclosure on December 31, 1986, which was within the three years from the date of its judgment, and that this filing

of the complaint tolled the running of the limitation.

We reject appellant's argument. The time limit provided in § 29-131 is not a statute of limitation; it is a period of duration. The expiration of a statute of limitation extinguishes a right to enforce a remedy, but it does not extinguish the substantive right itself. *Boatman* v. *Dawkins*, 294 Ark. 421, 424; 743 S.W.2d 800, 802 (1988). The expiration of a statute of duration, however, extinguishes the substantive right itself. Under this statute of duration, § 29-131, a lien expired upon the passage of three years, unless it was revived under § 29-602. In the present case, the appellant did not comply with § 29-602, and the mere fact that it was made a party to a lawsuit during the existence of the lien did not in itself prevent the subsequent expiration of the lien.

While we have never before addressed the issue, a number of other courts have. For example, in *King* v. *Hayes*, 223 Mo. App. 139, 9 S.W.2d 538 (1928), the plaintiff obtained a judgment lien on April 12, 1921. Under Missouri law, the lien would have expired on April 19, 1924, unless it was revived in some manner. The plaintiff filed suit to foreclose on February 2, 1924 (i.e., within the three year time limit). The case was set for trial on April 8, 1924, but was continued at the defendant's request until April 25, 1924. On April 25, 1924, the defendants filed a motion for judgment on the pleadings, arguing that the plaintiff's lien had expired six days earlier. The lower court agreed, as did the appellate court. The appellate court held:

> It is true, as pointed out by plaintiff, that no execution could be issued on the judgment pleaded in plaintiff's petition after the death of D.T. Tucker, the judgment debtor. Alnutt v. Leper, 48 Mo. 319; Stoutimore v. Clark, 70 Mo. 471. The judgment, however, was a preferred claim against Tucker's estate, and, in addition to that remedy, plaintiff had the right to enforce the lien of the judgment against real estate by a bill in equity, which course plaintiff followed when this suit was instituted. Griswold v. Johnson, 22 Mo. App. 466.
>
> Such a suit, however, is not recognized by our statutes, and we are unable to find any authority for holding that the bringing of a suit of this character would take the

place of a scire facias and thus keep the lien of the judgment in force. It is clear enough that the very foundation of plaintiff's suit was the uninterrupted continuance of his judgment lien. He knew, or should have known, that under the statute, heretofore referred to, his judgment lien would expire on the 19th day of April, 1924. The statute pointed the way, and the only way, as we understand its provisions, by which the lien of the judgment could be kept continuously in force. Bick v. Vaughn, 140 Mo. App. 595, 120 S.W. 618.

The issuance of a writ of scire facias, directed to the heirs of D.T. Tucker, at any time before the 19th day of April, 1924, would have kept the lien of plaintiff's judgment alive. It was his duty, we think, to have protected his bill to enforce the judgment lien against the real estate in question by suing out a writ of scire facias before his lien expired, as provided by law.

*Id.* at 141-42, 9 S.W.2d at 540; *see also Rich* v. *Cooper*, 136 Neb. 463, 286 N.W. 383 (1939); *Ruth* v. *Wells*, 13 S.D. 482, 83 N.W. 568 (1900); 49 C.J.S. *Judgments* §§ 492-495, 510 (1947). We find that the Arkansas statutes should be interpreted similarly.

Affirmed.