GARDENHIRE *v.* KING.

(*Knoxville.* November 11, 1896.)

JUDGMENT LIEN. *Must be enforced within twelve months.*

Unless a judgment lien is enforced by sale of the lands within twelve months after rendition of the judgment, it will not prevail against subsequent incumbrances, even where sale was delayed by agreement, and execution was levied and bill filed within the twelve months to enforce the lien.

Code construed: § 4708 (S.); § 3694 (M. & V.); § 2980 (T. & S.).

Cases cited: Porter *v.* Cocke, Peck, 30; Harrison *v.* Wade, 3 Cold., 505.

FROM RHEA.

Appeal from Chancery Court of Rhea County. T. M. McCONNELL, Ch.

SNODGRASS & SMITH for Gardenhire.

V. C. ALLEN for King.

B. G. McKENZIE for Jones.

A. P. HAGGARD for Bank.

BEARD, J. The bill in this cause was filed by complainant as a judgment creditor of defendants, Jenkins and King, alleging that he had caused ex-

ecution to be issued and levied upon the real property of defendant, King, and that, by reason of certain conveyances of this property made by the latter, and the levy of certain Justices' executions thereon subsequent to the date of complainant's judgment, there was some embarrassment in the enforcement of his claim, and he therefore asked the aid of the Chancery Court in clearing the difficulties out of his way and making effectual the lien of his levy. His execution debtors, as well as the parties claiming under these subsequent conveyances and levies, were joined as defendants to this bill. These parties, in due time, answered, denying that complainant had superior rights to or equities in the property in question, and they set up and sought to maintain their respective interests in the same.

It appears from the record in the case that the judgments of complainant were rendered by the Chancery Court of Rhea County on the thirteenth of July, 1893; that the executions on these judgments were issued and levied on the twenty-first of June, 1894, and that within a few days thereafter this bill was filed. It further appears that the legal title to this property, at the date of their rendition, was in the judgment debtor, King, and that there was no obstruction in the way of its being subjected to the payment of these judgments, save that, when rendered, complainant had caused to be placed of record an agreement that execution should not issue thereon for ten months thereafter.

It will thus be seen that at the time of the issuance of complainant's executions, almost twelve months from the date of his judgments had expired, and the only question here presented is, has he, by filing this bill, kept alive the lien which the statute gave him on the real property of his debtor so that he overrides the conveyances and levies made subsequent to this date, but prior in point of time to the levy of his executions? It is apparent that he must be prepared to maintain the continued existence of his judgment lien, because it is only with that he antedates these defendants, who have thus secured their liens by conveyances and otherwise.

Section 3694 of the (M. & V.) Code provides, that "judgments and decrees obtained in any Court of record of this State, in the county where the debtor resides at the time of rendition, shall be a lien upon the debtor's land from the time the same was rendered," while § 3696, of the same Code, is in these words: "The lien thus given will be lost, unless an execution is taken out and the land sold within twelve months after the rendition of judgment or decree." The rights of complainant depend upon these sections of the Code. Without the aid of the statute the judgment creditor has no lien on the real estate of his debtor, as none existed at common law. *Porter's Lessee* v. *Cocke*, Peck, 30.

This lien is one that affects only the legal title. Where the debtor has such legal title, then, however many liens may be placed upon it or convey-

ances have been made of it, within the twelve months succeeding the date of the judgment, they do not and cannot interfere with this superior statutory lien. But, to make it effectual against claims inferior only because they are junior in age, the creditor must take out his execution and sell his debtor's property "within twelve months." Failing to sell within that time is as fatal to this lien as if he had neglected altogether to take out his execution. Nor is it extended beyond the statutory period because the creditor has, by an agreement with his debtor, prevented himself from calling for an execution during the whole or the greater part of that time. This is a misfortune which the law has made no provision for. Nor can he extend or perpetuate it by resorting to a Court of Equity. *Harrison* v. *Wade*, 3 Cold., 505.

In the case at bar, the remedy which the statutes gave complainant was clear. His judgments were final and unappealed from. His debtor was, at their date, the legal owner of the real estate which he now seeks to reach. But for the fact that he tied his own hands by an agreement for suspension, his executions might have been issued and the property have been sold, and his and the purchaser's right at such sale would have prevailed. The fact that others had taken conveyances of and secured levies on the property in the meantime, would have been altogether unimportant. But, unfortunately for complainant, his judgment lien expired within a

Gardenhire *v.* King.

very few days after the filing of his bill in this cause, and whatever rights he had, at the hearing of the cause by the Chancellor, depended alone upon the lien acquired by the levy of his executions, and this was subordinate to the rights of such of the defendants as may have made legal levies or secured *bona fide* and properly registered conveyances prior thereto.

We think there was no error in the decree of the Court of Chancery Appeals, and it is affirmed.