## REUBEN DELAY v. I. M. YOST *et al.*

### No. 10742.

ACTION ON REPLEVIN BOND—*statute of limitation runs against, notwithstanding proceedings in error by replevin plaintiff, where no supersedeas bond given.* A right of action accrues, on an undertaking given to obtain a writ of replevin, when the plaintiff fails to comply with the judgment rendered against him in the replevin action; and the fact that he institutes a proceeding in error to reverse the judgment, wherein no supersedeas bond is given, is no obstacle to the commencement of an action on the undertaking, nor will it prevent the running of the Statute of Limitations against such action.

Error from Ellis District Court. Lee Monroe, Judge. Opinion filed June 11, 1898. *Affirmed.*

*A. H. Ellis* and *F. T. Burnham*, for plaintiff in error.

*A. J. Bryant*, for defendants in error.

JOHNSTON, J. At the suit of certain creditors, Reuben Delay, as sheriff, seized on attachments certain goods and chattels as the property of I. W. Gray. An action of replevin was immediately begun by V. M. Gray, who claimed to be the owner of the property. He gave an undertaking in replevin, signed by the defendants in error, and as no re-delivery bond was given he obtained the possession of the property. On September 11, 1889, a trial was had, which resulted in a judgment in favor of Delay, the sheriff, for the return of the property or the value of the same, fixed at $2103. To obtain a reversal of this judgment V. M. Gray instituted a proceeding in error in this court; and, in March, 1894, the proceedings were reviewed and the judgment of the District Court was affirmed. *Gray v. Delay*, 53 Kan. 177, 35 Pac. 1108. The mandate of this court was filed in the District Court on March 26, 1894, and, on April 18, 1894, it was entered on the records of that court. An execution for the enforcement of the judgment was not issued until January 2, 1895; and, on March 4, 1895, the sheriff returned the same wholly unsatisfied. The present action upon the undertaking in replevin was commenced on July 18, 1895; and the breach relied upon is the failure of Gray to return the property or to pay the value thereof, as ordered and adjudged by the court.

The defendants, claiming that the action was begun more than five years after the judgment was rendered and after the conditions of the bond had been broken, and that there was no averment showing that the judgment had been kept alive, nor any reason alleged why the action had not been commenced within five years after the breach, interposed a demurrer to the

32—59 KAN.

averments of the plaintiff's petition, which was sustained by the court. Of this ruling error is predicated.

The conditions of the bond upon which the action was brought are as follows : "That the said plaintiff shall duly prosecute this action and pay all costs and damages which may be awarded against him, and if the said property be delivered to him that he will return the same to the defendant if a return thereof be adjudged."

As the action was based on the written undertaking, the five years Statute of Limitations applied ; and the question is — when did it begin to run? It is contended by the plaintiff in error that a breach of the bond did not occur until the judgment in replevin, which was rendered in 1889, was affirmed by the Supreme Court in 1894 ; that so long as Gray was prosecuting his replevin action, in either the District or the Supreme Court, the condition of the bond to "duly prosecute" had not been violated. On the other side it is contended that the rights of the parties were determined in the District Court, and that its judgment was final ; that it is not claimed or alleged, nor does it appear, that any supersedeas bond was ever filed, nor that any order was made staying execution of the judgment rendered by the District Court ; and that the commencement of a proceeding in error did not prevent the enforcement of the judgment nor the maintenance of an action upon the replevin bond. If the judgment of the District Court was a finality, and remained so from the time it was rendered, and if a cause of action accrued upon the bond immediately after its rendition, then the plaintiff in error was too late in bringing his action, and the demurrer to the petition was properly sustained.

The effect of a proceeding in error was directly in-

volved in *Soper v. Medberry* (24 Kan. 128). It was there held that "The mere taking of a case to the Supreme Court does not in any case destroy the judgment previously rendered therein; nor does it even suspend the operation of such judgment, unless a bond is also given for such purpose; and if the judgment is affirmed, no new judgment is rendered, but the old judgment originally rendered remains intact, in full force and effect, and final." In *C. B. U. P. Rld. Co. v. Andrews, Adm'r* (34 Kan. 563, 9 Pac. 213), it was held that our statute has changed the common-law rule with respect to the effect of proceedings in error, that the finality of a judgment is not disturbed by such a proceeding, and that an undertaking when given does not operate to stay any of the proceedings of the court below further than to prevent the issuance of an execution to enforce the judgment or final order to be reviewed. *Heizer v. Pawsey* (47 Kan. 33, 27 Pac. 125), was an action upon a bond given to secure the discharge of a defendant from arrest. In the original action, the order of arrest was sustained, and proceedings in error were prosecuted in the Supreme Court, a supersedeas bond being given. It was contended that the pendency of the proceeding in the Supreme Court precluded the commencement of an action upon the bond, but it was held that such a proceeding did not operate to suspend proceedings in the district court, further than to stay execution of the judgment or final order sought to be reviewed, and that the giving of a supersedeas bond did not prevent the commencement of an action upon the bond.

In *Willard v. Ostrander* (51 Kan. 481, 32 Pac. 1092), the effect of appeals and proceedings in error was before the court again for consideration. It was there alleged, and proof was offered to show, that in another case in which the same matters were involved the

rights of the parties had been adjudged, but that a
supersedeas bond had been filed and the case taken on
error to the Supreme Court. The court refused to re-
ceive the evidence, and held that the judgment was in
full force, as an adjudication of the rights of the
parties, notwithstanding the proceedings in error in
the Supreme Court and the filing of a supersedeas
bond. In that case, after a careful examination of
the statutes and an extended review of the authorities,
the conclusion was reached that there is no language
used by the Legislature which implies that " a stay of
execution has any other force or effect on the judg-
ment than simply to prevent its enforcement by exe-
cution. On the contrary, as a determination of the
rights of the parties, it remains in full force pending
the proceedings here." It was there recognized that
this rule might work hardship in some cases, and, on
the suggestion that a number of actions might be pend-
ing and costs might accrue, it is said that the trial
court would in the later cases and on a proper show-
ing continue the trial until after the case pending in
the appellate court had been determined.

From these authorities it is clear that the judgment
rendered was a final adjudication of the rights of the
parties, and remained final and enforceable during the
time that the proceeding in error was pending here.
Under our statute that proceeding was a new and in-
dependent one, in which parties were brought in by
new process, and wherein other and different security
from that provided in the District Court was required
and given. It does not appear that any attempt was
made to stay the enforcement of the judgment, and
therefore an execution might have been obtained
thereon at any time after it was rendered ; but no exe-
cution was issued until more than five years after the
rendition of the judgment, nor until after it had

become dormant. A return of the property was adjudged and the rights of the parties settled, in September, 1889, while the action on the bond was not commenced until nearly six years afterward. The proceeding in this court not only did not affect the judgment, but it constituted no obstacle to the commencement of an action upon the bond. The failure of Gray to promptly return the property and comply with the terms of the judgment gave a right of action upon the replevin bond. No demand or execution was necessary to fix the liability of the sureties; that was determined by the judgment itself. The action, therefore, accrued at that time; and, more than five years having elapsed without any interruption of the running of the statute, the court ruled correctly in holding that the action was barred. Its judgment will, therefore, be affirmed.