## FIDELITY & DEPOSIT COMPANY OF MARYLAND *v.* FULCHER BRICK COMPANY *et al.*

### (*Nashville,* December Term, 1929.)

Opinion filed July 19, 1930.

Lowe Watkins, P. D. Maddin and John K. Maddin, for complainant.

Moreau P. Estes, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

The assignor of Fidelity Company obtained a judgment against Fulcher Brick Company April 24, 1922. A

mortgage on the Brick Company properties securing bonds was outstanding, which was released of record July 15, 1922, and another mortgage was recorded July 17th following. Meanwhile, the judgment had been appealed from and thereafter, on July 2, 1923, affirmed by this Court. A certified copy of this judgment was registered July 21st following, and on August 15, 1923, an execution was issued and returned *nulla bona* on December 1, 1923. A sale was had of the properties, on December 12, 1923, by the Trustee under the mortgage recorded July 17, 1922, pursuant to an order in the Chancery Court of Davidson County, in a cause in which certain creditors had sued the Brick Company and impounded the mortgage properties, and Hicks and others became the purchasers, this sale being confirmed by the Court December 21st. A deed was later executed to these purchasers.

Meanwhile, on December 27th, this bill was filed, setting up the facts and asserting a judgment lien superior to the mortgage upon the theory that the lien fastened itself upon release of the original mortgage on July 15, 1922, and was unaffected, either by the registration two days later of the new mortgage, or by the appeal. All of the parties claiming titles or rights under the proceedings described were made parties. It was alleged, in substance, that registration of the conveyances mentioned, and the incidental Court proceedings, and conflicting claims, so clouded the judgment lien claim of complainants, and so obstructed its procedure by execution, levy and sale under its judgment, as to call for equitable intervention and aid. The mortgage recorded July 17, 1922, was attacked and a decree was prayed es-

tablishing the priority of the judgment lien, removing all clouds, and ordering a sale free from redemption.

The Chancellor held that the judgment lien of complainant took priority over the mortgage recorded July 17th, and all subsequent transfers, but that this statutory lien was lost by the failure of the judgment creditor to levy and sell thereunder within twelve months after the final judgment on appeal, and dismissed the bill.

Appealing, the Fidelity Company insists that the conditions stated so clouded its rights and embarrassed its procedure that it was necessary for it to proceed by bill in equity, that a fair price could not have been otherwise secured, and that the running of the statutory limitation was stayed pending final decree in this cause,— that the ''levy and sale within twelve (12) months as provided by statute were excused, being impossible and useless.''

 The judgment lien, which is the basis of complainant's alleged rights, is statutory only, no such lien having been known to the common law, and the statute is strictly construed. It is provided for by Sections 4708, 4710 and 4711 of Shannon's Code. Section 4710 is as follows: ''*To be enforced in twelve months.*—The lien thus given will be lost, unless an execution is taken out and the land sold within twelve months after the rendition of the judgment or decree.'' By Section 4711 the time is extended in case the sale is prevented by injunction, or other adverse proceedings in Court, or by appeal, so as to continue the lien and give twelve months from affirmance if on appeal, or dismissal of the other adverse proceedings.

 It is, of course, apparent that the express requirement of the statute that the sale must be had with-

in twelve months from the attaching of the lien has not been complied with. It will be observed that the limitation is strongly stated, in that the statute affirmatively provides that, "the lien thus given will be lost, unless an execution is taken out and the land sold within twelve months." However, the statute proceeds to set out certain exceptions under which the time is extended, (1) an injunction or other adverse proceeding; (2) an appeal, in either of several forms. The Chancellor recognized the extension worked by the appeal in this case, but refused to extend the time beyond twelve months from the judgment on appeal.

The insistence of appellant appears to be (1) that the phrase "or other adverse proceedings in Court" should be construed to embrace the litigation in the Chancery Court instituted by other creditors, and, perhaps, the instant suit; and (2) that a court of equity has inherent jurisdiction to suspend the running of the statutory limitation pending the removal of clouds and encumbrances embarrassing a sale under execution.

As to the first of these positions, we think the word "adverse" must be given effect, and no court proceedings *adverse* to this judgment lien are shown. The proceedings must be adverse in the sense of restraining the sale, by analogy to an injunction.

As to the second point, if it be conceded that a court of equity has the power to intervene and extend the time under certain conditions of peculiar embarrassment and obstruction, the situation here presented when analyzed does not demand this extraordinary relief. The right of the judgment creditor to its lien on this property became fixed beyond a reasonable doubt when, after its judgment, the mortgage was released of record on

July 15, 1922. When its judgment was later affirmed by this Court the time for enforcement of its right to levy and sale under this lien was extended by the terms of the statute. While some confusion existed, by reason of the claims of subsequent purchasers and attempted lienors, the legal rights of the judgment creditor were superior, and in law and in fact unembarrassed. Unfounded doubts as to the existence of rights will not warrant this Court in overriding the express mandate of a limitation statute such as this. The original bill itself charged that the complainant's lien was superior, and set forth clearly sustaining facts. Our decisions sustain this view and the decree of the Chancellor.

This Court has uniformly held that an alienation of the property after the judgment lien has attached constitutes no obstruction to a levy and sale. *Dickerson* v. *Collins,* 1 Swan, 516; *Woolridge* v. *Bank,* 1 Sneed, 301; *Davis* v. *Benton,* 2 Sneed, 665; *Harrison* v. *Wade,* 3 Cold., 506. In the last cited case the Court held that a registered conveyance with a defective probate was no excuse for the failure to levy and sell within the twelve months, even though the question of the probate was carried to this Court for decision. The Court said that, "the aid of the Court of Chancery was not necessary to enforce it; the filing of the bill in the case did not continue the lien. It expired by operation of law before this case was brought to a hearing." It seems to us that the obstruction was one of greater difficulty than the instant case presents. In *Bridges* v. *Cooper,* 98 Tenn., 395, unregistered conveyances with ignorance of material facts were involved. While the Court found that no lien attached on the facts of the case, the Court held, further, that, if the lien had attached, the year began to

run from the date of the unregistered deed to the creditor, and that the filing of the bill could not keep the lien alive beyond the year, which expired pending the litigation. Moreover, the Court characterized the suit brought by the judgment lienor as voluntary and not adverse in the sense contemplated by the statute in its exception of adverse Court proceedings. *King* v. *Gardenhire*, 97 Tenn., 588, and *Hyder* v. *Butler*, 103 Tenn., 297, are even more in point. These and other cases sustain the view that no alienation, in whatever form, will defeat the judgment lien after it has attached; and that the statutory limitation of twelve months is not extended by the filing of a bill in equity.

Learned counsel for appellants review and undertake to distinguish the cases above cited. While the facts of the several cases are not identical, the principle involved is the same. The right and obligation to levy and sell within twelve months was as clear in the instant case as in others dealt with. The apparent difficulties were no greater here.

Nor was the representation as to the amount advanced under the mortgage recorded July 17th, even if chargeable to the appellees, which is doubtful, a matter affording ground of relief for failure to levy and sell. The original bill, filed before the expiration of the limitation, set up and relied on the essential fact, namely, that two days lapsed between the release of the one mortgage and the recording of the other, when the judgment lien attached.

Conceding that this representation might have a bearing upon a second theory advanced in this Court for appellants, of an equitable lien, which does not appear to have been a theory of the bill as filed, this theory is not

consistent with the existence of a superior legal lien right, as charged by the bill and which has been found to exist.

The decree must be affirmed.