ESTATE of L. W. STONECIPHER, Appellant,

v.

ESTATE of Thomas BUTTS, Deceased et al., Appellees.

No. 8221.

Court of Civil Appeals of Texas, Beaumont.

Feb. 15, 1979.

Rehearing overruled March 8, 1979.

Ernest J. Browne, Jr., Beaumont, for appellant.

Louis Dugas, Jr., Orange, for appellees.

KEITH, Justice.

Plaintiff below appeals from a judgment non obstante veredicto which denied a recovery in his suit upon a rejected claim against defendants predicated upon a dormant judgment. We affirm.

On December 20, 1950, L. W. Stonecipher recovered a judgment against Thomas and Irene Butts and the Yellow Cab Company (a partnership owned by Thomas and Irene) for the sum of $21,080.36 with interest in the District Court of Orange County, Texas, in Cause No. 9948. Thereafter, on May 1, 1951, Stonecipher had executions issued on the judgment and the writs delivered to the sheriff of Orange County, Texas, who returned them nulla bona. Only $5,000 was paid on the judgment. No other executions were issued after the first.

On May 20, 1971, more than twenty years after any execution was issued, Stonecipher as plaintiff instituted this suit against the Estate of Thomas Lee Butts and its independent executor Elmer Newman to have his judgment revived against the estate for the amount of $16,080.36. Later his petition was amended to include a suit for fraud and deceit against the estate, Newman as independent executor and individually, and Irene Miller Butts. He alleged that "Defendant Elmer Newman together with Thomas Lee Butts and his then wife, Irene Miller Butts, conspired and knowingly, willfully, wantonly and fraudulently set about to defraud the Plaintiff herein by conveying property owned by the said Thomas Lee Butts and wife, Irene Miller Butts, into the name of the Defendant Elmer Newman in order to avoid collection of said judgment awarded by said jury." [1]

Defendants' pleadings tendered the appropriate pleas to the jurisdiction, limitations, and also pleaded the dormancy of the judgment relied upon by the plaintiff. The jury verdict was favorable to the plaintiff's version of the facts; but, upon appropriate notice, judgment non obstante veredicto was entered whereby plaintiff was denied any recovery.

Plaintiff complains that the trial court erred if it granted the defendants' motion for judgment notwithstanding the verdict on basis (a) contained in the motion, i. e., "that the statute of limitation had run and that the judgment made the basis of the suit had become dormant and that as a matter of law Plaintiff did not have a cause of action."

*Tex.Rev.Civ.Stat.Ann. art. 3773 (1966)* provides that a judgment becomes dormant if no execution is issued within ten years after its rendition unless such judgment is revived. It further provides:

"If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Under *Art. 3773*, plaintiff's judgment was dormant since no execution had issued thereof for more than twenty years. It is to be noted that there is nothing in the statute which mentions the tolling of limitations for any reason. While *Tex.Rev.Civ. Stat.Ann. art. 5532 (1958)* [2] provides for the revival of a dormant judgment, it is inapplicable to the case at bar because an execution was issued within twelve months *after the rendition of the judgment.* And, there is no conflict between the two statutes under discussion. *Zummo v. Cotham,* 137 Tex. 517, 155 S.W.2d 600, 601 (1941).

Plaintiff's resourceful counsel declines to accept the no-win position to which he is consigned by the undisputed facts and the two statutes just mentioned. Instead, he argues that his is an action for fraud and deceit and not one to revive a dormant

---

1. Stonecipher died in 1973; his independent executor was substituted as plaintiff.

2. *Art. 5532:* "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

judgment; alternatively, he contends that defendants' fraudulent acts tolled the limitations embodied in *Art. 3773.* We disagree on both counts.

Neither party cites Texas authority precisely in point and our research has not disclosed the existence of such case law in this state. However, in a well-considered opinion, the Oklahoma Supreme Court wrote at length on the subject in *Thomas v. Murray,* 174 Okl. 36, 49 P.2d 1080 (1935). The case involved a judgment debtor who allegedly fraudulently conveyed and concealed his property to prevent plaintiff from levying execution upon it. Plaintiff, relying on the defendant's representations that he had no property, failed to issue execution and revive his judgment in accordance with the pertinent Oklahoma statute. After plaintiff learned of the concealed property, he filed a fraud and deceit action rather than an action upon a judgment. The court held that in the statutes concerning execution, dormancy, and revival of judgments, "the standard of care and the measures which a judgment creditor must take to keep his judgment in force is fully provided for by our statutes, and inasmuch as they contain no such exceptions [*i. e.,* fraud and deceit] none will be made." (49 P.2d at 1083) Cf. *Morrill v. Madden,* 35 Minn. 493, 29 N.W. 193 (1886). See generally Annot., *104 A.L.R. 214 (1936).*

Our Supreme Court followed this Oklahoma decision in *Commerce Trust Co. v. Ramp,* 135 Tex. 84, 138 S.W.2d 531, 536 (1940). It held that *Articles 3773 and 5532* should be "strictly construed":

"This remedy being purely a statutory one, we think it must be measured by the statute itself, which plainly declares that the action must be brought within ten years after *date* of judgment, and not after. The courts have no authority to make an exception to this statutory rule." (citations omitted)

As Judge German pointed out in *Ramp,* supra, the judgment creditor has a simple and inexpensive remedy to keep his judgment alive. He may "prolong the life of the judgment indefinitely by merely having executions timely issued as provided by Article 3773." The plaintiff in this instance did not avail himself of the remedies provided by the statutes creating and governing his rights.

*Article 3773* plainly declares that execution upon a judgment must be made within ten years of the first execution to prevent the judgment from becoming dormant. Whether plaintiff sued upon a judgment alleging fraud had tolled the statute or sued in an action for fraud and deceit, we agree with the *Murray Court* that "[t]he ultimate effect in both instances would be to put the judgment in force, and we believe that . . . it is merely an attempt to do indirectly that which the law would not sanction directly." (49 P.2d at 1082)

Upon oral submission of the cause, plaintiff's counsel urged that, in any event, plaintiff had a valid cause of action against the defendant Newman against whom the jury returned findings that he had conspired with the original judgment debtors in concealing assets. Originally, plaintiff cited only *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738, 739 (1944), in support of the contention advanced. *Ruebeck,* of course, is a valid expression of the law, but it simply does not apply to the facts in our record.[3]

Instead, we turn again to an opinion from the Supreme Court of Oklahoma in a case precisely in point on the facts: *Lallathin v. Keaton,* 198 Okl. 312, 178 P.2d 101, 103 (1947), from which this quotation is taken:

"The gist of this action is not the conspiracy, but the damage suffered by the plaintiff as a result of the conspiracy. . . . Since the judgment had become legally dead prior to the time the present action was commenced, there was no re-

---

3. In a post-submission memorandum, plaintiff cites *Pruett v. Wichita Falls & S. R. Co.,* 109 S.W.2d 538, 541 (Tex.Civ.App.—Fort Worth 1937, writ dism'd), and the text found in *28*

*Tex.Jur., Limitation of Actions § 75, at 164 (1933).* We have examined these additional authorities and find neither to be in point or controlling.

coverable damage suffered as a result of the alleged conspiracy.

"There is no distinction, in legal effect, between a tort action in fraud and deceit as in *Thomas v. Murray* [49 P.2d 1080], above, to prevent the collection of a judgment legally dead and a tort action in conspiracy, as here, to prevent the collection of such a judgment." (citations omitted)

We adopt the rationale and the holding of the *Lallathin Court* as our own. In so doing, we overrule plaintiff's points complaining of the adverse judgment rendered in the claim against Newman.

Finding no error, the judgment of the trial court is AFFIRMED.