Veva **MOORE**, Appellant,

v.

**DELIVERY SERVICES, INC.,** et al., **Appellees.**

No. 53032.

Court of Appeals of Oklahoma, Division No. 1.

July 22, 1980.

Released for Publication by Order of Court of Appeals Aug. 22, 1980.

Burl A. Peveto, Jr., Sulphur, for appellant.

John D. Cheek and James M. Kaufman, Oklahoma City, for appellees.

REYNOLDS, Presiding Judge:

The issue here is whether the Plaintiff's first discovery of her personal injuries more than four months after an automobile accident with Defendants' vehicle tolled the running of the statute of limitations for the same period of time.

Veva Moore (Plaintiff) filed this cause of action on September 20, 1978, seeking money damages for personal injuries. In her petition, Plaintiff alleged that on May 21, 1976, the vehicle in which she was driving was struck in the side by a truck owned by Delivery Services, Inc., and negligently driven by G. L. Young (Defendants). Plaintiff further alleged that as a result of the accident she suffered serious, permanent, and painful injuries, but that she did not discover such injuries until September 29, 1976.

Defendants filed their special demurrer on October 31, 1978, asserting that the petition, on its face, alleged facts indicating that the statute of limitations had run more than three months prior to the filing of this case. The trial court sustained the Defendants' special demurrer and dismissed the case. Plaintiff has perfected this appeal.

■ The statute of limitations applicable to personal injury actions is found in Title 12 O.S.1971, § 95(3), which provides in part as follows:

Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards

⸱ ⸱ ⸱ ⸱ ⸱

Third. Within two (2) years: ... an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; ....

The operative words of the statute are "after the cause of action shall have accrued." A cause of action accrues at a time when a plaintiff first could have maintained the action to a successful conclusion. *Oklahoma Brick Corp. v. McCall*, Okl., 497 P.2d 215 (1972). Actual loss or damages is an essential element for a cause of action grounded in negligence. *Sloan v. Owens*, Okl., 579 P.2d 812 (1977).

■ Plaintiff's petition alleges that her injuries were the result of the accident with Defendants. The accident occurred May 21, 1976. The petition was filed more than two years after the accident. The defense that a cause of action is barred by the statute of limitations is properly raised by demurrer when the petition shows on its face that its cause is barred. *Moss v. Polyco, Inc.*, Okl., 522 P.2d 622 (1974).

Plaintiff contends however, that due to the fact that she did not discover that she had been injured until September 29, 1976, the statute of limitations was tolled.

In 54 C.J.S. *Limitations of Actions* § 174, p. 140, it is stated:

In cases of injuries to the person where the action is not for death, the cause of action occurs at, and statute begins to run from, the time of the injury or breach of duty, but not until that time, notwithstanding the injury itself is not then known to plaintiff, or the full extent of the injury is not then known or developed, or defendant's negligence which caused the injury occurred a long time previous thereto.

■ Mere ignorance of the existence of a cause of action or facts constituting such on the part of a person in whom a cause of action lies will not toll the running of the statute of limitations. This rule applies unless a statute specifically provides that the limitations do not begin to run until the person in whom the cause of action lies has actual knowledge of it, or unless there has been fraudulent concealment of the cause of action on the part of the person against whom it lies. See *Knudson v. Weeks*, 294 F.Supp. 963 (D.C.Okl.1975). Courts will not read into statutes of limitation an exception which has not been embodied therein by the legislature. See Syllabus No. 2 in *Thomas v. Murray*, 174 Okl. 36, 49 P.2d 1080 (1935).

■ This case must be distinguished from those such as warranty, and worker's compensation cases where courts generally recognize that the statute of limitations runs from the time the plaintiff discovers the injury. The distinction is based on the concept that there it is the defendant's conduct that tolls the running of the statute until the injury is discovered. We conclude that in the circumstances herein presented the statute of limitations was not tolled for the four months it took Plaintiff to discover her injuries.

AFFIRMED.

BOX and ROMANG, JJ., concur.