**ESTATE OF L.W. STONECIPHER et al., Petitioners,**

v.

**ESTATE OF Thomas L. BUTTS et al., Respondents.**

No. C–3724.

Supreme Court of Texas.

Feb. 20, 1985.

Rehearing Denied March 27, 1985.

Gilbert T. Adams, Richard J. Clarkson, Beaumont, for petitioners.

Wood, Lucksinger & Epstein, Scott Douglas Cunningham, Houston, Dunn, Alford & Kelley, Donald B. Kelley, Orange, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

### PER CURIAM.

This case has been in and out of the courts since 1950 when L.W. Stonecipher obtained a judgment against Thomas and Irene Butts for $21,080.36. Only $5,000 was paid on the judgment and during discovery proceedings to ascertain assets subject to execution of the judgment, Thomas Butts testified that he had conveyed 160 acres of Louisiana land to his banker, Elmer Newman, shortly before trial. Irene Butts testified she did not have, either before or after the trial, assets subject to execution. Stonecipher did not extend the judgment and it became dormant in 1961.

In 1970, Stonecipher discovered that Newman had conveyed the 160 acres back to Butts in 1967. He also discovered that Newman deeded back 80 acres to Irene Butts that she had conveyed just prior to her deposition in 1951. In 1971, Stonecipher brought this action against the Butts and Newman, alleging that a conspiracy of these defendants prevented him from collecting the judgment lien and that the fraudulent acts tolled the limitations of Tex.Rev.Civ.Stat.Ann. art. 3773.

After a jury verdict favorable to Stonecipher, the trial court rendered a judgment non obstante veredicto that Stonecipher take nothing. That judgment was affirmed by the court of civil appeals, 579 S.W.2d 27 (Tex.Civ.App.—Beaumont 1979), but was reversed and remanded by this court. 591 S.W.2d 806 (Tex.1979).

 In the first *Stonecipher* opinion, this court held that Stonecipher had no lien

on the Louisiana land. Thus, as to that land, he was no more than a general creditor and did not have a cause of action for conspiracy to prevent the collection of a judgment lien. *Id.* at 808. However, this court also ruled that one guilty of fraudulent acts cannot escape liability for acts by saying the fraud should have been discovered with ordinary care. Relying upon *Morris v. House*, 32 Tex. 492 (1870), we said, "fraud vitiates whatever it touches," and held that limitations on Stonecipher's original judgment would not begin to run until the time the fraud was discovered or could have been discovered by the defrauded party by exercise of reasonable diligence. Because reasonable diligence is a question of fact, this court remanded the cause to the trial court for a new trial.

After remand, Stonecipher amended his petition, seeking, in addition to the amount not collected on the 1950 judgment, actual damages and exemplary damages against Irene Butts Babington and Elmer W. Newman. After a lengthy trial, the jury found for Stonecipher in all regards. In particular, the jury found that Stonecipher had exercised reasonable diligence in attempting to discover assets of the judgment debtors. In an unpublished opinion, the court of appeals reversed the judgment of the trial court and remanded the case for new trial. Pursuant to Tex.R.Civ.P. 483 and without hearing oral argument, we reverse the court of appeals' judgment and affirm the trial court judgment in all respects.

In the first *Stonecipher* opinion, we expressly remanded to the trial court for a finding of fact on whether or not Stonecipher exercised reasonable diligence in attempting to discover assets of the judgment debtors. That issue was submitted to the jury and a finding of fact in favor of Stonecipher was part of the jury's verdict. Thus, Stonecipher's action to enforce the judgment against the Estate of Thomas Butts, deceased, and Irene Butts Babington cannot now be barred. It was improper for the court of appeals to remand for a new trial when a jury finding to support Stoneciphers' original action to enforce his judgment existed.

■ The court of appeals also erred in its reversal of the jury findings on Stonecipher's other causes of action. Here, the court of appeals based its decision on its belief that the first *Stonecipher* opinion was a limited mandate prohibiting all other causes of action except for enforcing the original judgment following a finding of fact that reasonable diligence was exercised in attempting to discover assets of the judgment debtors. Even if this were true, respondents under Tex.R.Civ.P. 90 have waived any point of error in this regard. Stonecipher's intent to seek other causes of action was clear on the face of his petition. No special exceptions, motion to strike pleadings, or summary judgment motion specifically attacking those claims were directed against that petition prior to trial. No objections during trial were made to evidence on those causes of action. Thus, under decisions of this court and Tex.R.Civ.P. 90, the Butts' estate, Newman and Babington have waived this point of error. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982); *Agnew v. Coleman County Electric Cooperative, Inc.*, 153 Tex. 587, 272 S.W.2d 877 (1954).

The court of appeals' opinion is inconsistent with our prior holding in this case. We therefore reverse the judgment of the court of appeals and affirm the judgment of the trial court.