COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-315-CV

 

 

TODD SWETT                                                                     APPELLANT

 

                                                   V.

 

AT SIGN, INC., GLENN GIBSON,                                             APPELLEES

INDIVIDUALLY, AND DAVID
ERICKSON, 

INDIVIDUALLY

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Todd Swett appeals from multiple
summary judgments granted in favor of Appellees At Sign, Inc., Glenn Gibson,
and David Erickson.  We affirm.








                                            Background

Appellant sued Appellees in 2004 for breach of
implied contract, quantum meruit, breach of fiduciary duty, and shareholder
oppression.[2]  Appellees filed a general denial, affirmative
defenses, and a counterclaim for conversion. 
On July 5, 2007, Appellees filed a traditional motion for partial
summary judgment on their affirmative defenses and a no-evidence motion on
Appellant=s causes of action.  Appellant filed a response to the traditional
motion; the response was not supported by evidence.  It appears from the partial record before us
that he did not file a response to the no-evidence motion.  The trial court granted the no-evidence
motion on July 27, 2007, stating in its order that A[Appellant]
could not meet the burden to over come [sic] Summary Judgment on the issues
contained in [Appellant=s] Amended Petition.@  But on September 24, the trial court granted
Appellant=s motion for new trial; the
reason why does not appear in the record. 

On November 16, 2007, Appellees filed another
traditional motion for partial summary judgment on their affirmative defenses
and another no-evidence motion on Appellant=s causes
of action. 








On December 6, 2007, Appellant filed a motion for
leave to file his own motion for summary judgment and a response to Appellees=
motions.  Appellant=s
counsel stated that on October 1, 2007, he had faxed a proposed scheduling
agreement to Appellees= counsel.  The proposed agreement recited November 16 as
the deadline for filing summary judgment motions and December 7 as the hearing
date for all summary judgment motions. 
Appellant=s counsel averred that he did
not receive a reply from Appellees= counsel
until November 27, when Appellees= counsel
faxed a signed copy of the proposed agreement back to Appellant=s
counsel.  Appellant=s counsel
further stated that he received a letter from Appellees= counsel
on December 3 notifying him that the trial court would hear the summary
judgment motions on December 7 (the letter does not appear in the clerk=s
record).

The record does not contain an order disposing of
Appellant=s motion for leave to file a
late response, but on December 7, the trial court granted both of Appellees= motions
for summary judgment.  Appellant filed a
motion for new trial, asserting the same arguments he had made in his motion
for leave; the trial court denied the motion.








Appellees and Appellant then filed cross-motions
for summary judgment on Appellees=
counterclaims.  The trial court granted
Appellees= motion, and after filing
additional motions for new trial and for reconsideration, Appellant filed this
appeal.

                                             Discussion

In two issues, Appellant argues that the trial
court erred (1) by denying his motion for leave to file a response to Appellees= motions
for summary judgment and by granting those motions for summary judgment and (2)
by granting Appellees= motion for summary judgment on
their counterclaims.

1.     Motion for leave to file late summary
judgment response

In a single paragraph comprising two sentences,
Appellant argues that the trial court erred by denying his motion for leave to
file a late summary judgment response because the standard for such motions
articulated by the supreme court in Carpenter v. Cimarron Hydrocarbons does
not apply to this case; and that even if the Carpenter standard does
apply, Appellant=s motion satisfied both parts of
the standard.  See Carpenter v.
Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 688 (Tex. 2002).








In Carpenter, the supreme court held that
a trial court should allow a summary judgment nonmovant to file a late summary
judgment response when the nonmovant establishes good cause for failing to
timely respond by showing that (1) the failure to respond was not intentional
or the result of conscious indifference, but the result of accident or mistake,
and (2) allowing the late response will occasion no undue delay or otherwise
injure the party seeking summary judgment. 
Id.

Appellant argues that Carpenter does not
apply because Aa substantial reason@ for his
failure to file a response was Appellees= failure
to provide him with a signed copy of the proposed agreed scheduling order.  But Appellant wholly fails to explain why the
Carpenter standard does not apply in this circumstance, offers no
alternative standard by which to assess the denial of his motion for leave,
cites no case other than Carpenter, and does not explain howCassuming
Carpenter does applyCthe
evidence attached to his motion for leave established the Carpenter factors.

To the extent that Appellant argues that some
standard other than Carpenter applies, we hold that Appellant waived
this argument by failing to adequately brief it.  See Tex. R. App. P. 38.1(h) (providing
that a brief must contain appropriate citations to authorities); Hall v.
Stephenson, 919 S.W.2d 454, 467 (Tex. App.CFort
Worth 1996, writ denied); see also Fredonia State Bank v. Gen. Am. Life Ins.
Co., 881 S.W.2d 279, 284B85 (Tex.
1994) (discussing Along-standing rule@ that
point may be waived due to inadequate briefing).  We will, therefore, apply the Carpenter
standard.








We focus our attention on the second part of the
conjunctive Carpenter standard, that is, did Appellant establish good
cause by showing that allowing the late response would not cause undue delay or
otherwise injure Appellees?  See
Carpenter, 98 S.W.3d at 688.  The answer
is Ano.@  In support of his motion, Appellant filed the
affidavits of his attorney and the attorney=s
paralegal.  Both affidavits discuss the
circumstances surrounding the proposed scheduling agreement.  Neither affidavit even mentions the
possibility of delay if the court granted the motion for leave.  The motion itself was not sworn, and it did
not discuss delay, either.  Thus,
Appellant wholly failed to establish that allowing the late response would not
unduly delay or otherwise injure Appellees. 
We therefore hold that the trial court did not err by denying Appellant=s motion
for leave to file a late summary judgment response.

2.     Summary judgment on Appellant=s claims

We turn now to the trial court=s grant
of summary judgment on Appellant=s
claims.  The trial court granted
Appellees= no-evidence motion on Appellant=s causes
of action and Appellees= traditional motion on their affirmative
defenses of limitations and the statute of frauds.  Appellant=s brief
discusses only the no-evidence motion.








In order to obtain a reversal of a summary
judgment, an appellant must attack every ground upon which the trial court
could have granted judgment.  Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Krueger v.
Atascosa County, 155 S.W.3d 614, 621 (Tex. App.CSan
Antonio 2004, no pet.). When the appealing party does not challenge a ground on
which the movant sought summary judgment in the trial court, settled summary
judgment principles demand that we affirm the trial court=s
judgment.  Malooly, 461 S.W.2d at
121; Krueger, 155 S.W.3d at 621.

Although Appellant=s issue
statement is broad enough to encompass both the no-evidence motion and the
traditional motion, his brief contains no argument whatsoever on the
traditional motion, and Appellant does not show or even argue that genuine
issues of material fact precluded summary judgment on Appellees=
affirmative defenses.  We are, therefore,
constrained to affirm the trial court=s
judgment based on the unchallenged traditional summary judgment on Appellees=
affirmative defenses, and we overrule Appellant=s first
issue.  See Malooly, 461
S.W.2d at 121; Krueger, 155 S.W.3d at 621.

3.     Summary judgment on Appellees=
counterclaims

In his second issue, Appellant argues that the
trial court erred by granting summary judgment in favor of Appellees on their
conversion counterclaim.  Appellees
alleged that Appellant had wrongfully converted unidentified Aproperty
and assets@ that belonged to Appellants and
had refused to return the property when demanded to do so. 








A counterplaintiff is entitled to summary
judgment on a cause of action if it conclusively proves all essential elements
of the claim.  See Tex. R. Civ. P.
166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).

Appellant challenges the summary judgment on
Appellees= counterclaims on four
grounds.  First, he argues that Appellees=
pleadings were vague and ambiguous because Ano
intelligible cause of action could be deduced@ from
them.  Appellant did not specially except
to Appellees= pleading before the trial court
granted summary judgment.  See
Tex. R. Civ. P. 91.  Defects in pleadings
are waived unless specifically pointed out by exception in writing and brought
to the attention of the judge before the judgment is signed in a nonjury
case.  Tex. R. Civ. P. 90.  Because Appellant failed to specially except
to Appellees= pleadings, he waived his
complaints about them.  See Estate of
Stonecipher v. Estate of Butts, 686 S.W.2d 101, 103 (Tex. 1985). 








Next, Appellant argues that Appellees are not
entitled to summary judgment because they produced no evidence that they had
demanded the return of the allegedly converted property.  Appellant cites no authority in this section
of his brief; thus, he has waived this argument.  See Tex. R. App. P. 38.1(h).

In the third part of his argument, Appellant contends
that Appellees are not entitled to summary judgment because their pleadings
failed to identify the specific property converted, did not show that Appellant
attempted to deprive Appellees of ownership without their permission, and did
not show that they had suffered any damages. 
In the fourth part, he argues that they failed to present any evidence
of damages.  Once again, Appellant=s brief
contains no citations to authority to support his argument; thus, he has waived
these arguments, too.  See id.  We overrule Appellant=s second
issue.

                                             Conclusion

Having overruled both of Appellant=s
issues, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL:  GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]The earliest document in
the partial clerk=s record filed in this
court is Appellees= amended answer and
affirmative defenses, filed June 22, 2007.