

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-315-CV

TODD SWETT                                                    APPELLANT

V.

AT SIGN, INC., GLENN GIBSON,                                 APPELLEES
INDIVIDUALLY, AND DAVID ERICKSON,
INDIVIDUALLY

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Todd Swett appeals from multiple summary judgments granted

in favor of Appellees At Sign, Inc., Glenn Gibson, and David Erickson. We

affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

Appellant sued Appellees in 2004 for breach of implied contract, quantum meruit, breach of fiduciary duty, and shareholder oppression.[2] Appellees filed a general denial, affirmative defenses, and a counterclaim for conversion. On July 5, 2007, Appellees filed a traditional motion for partial summary judgment on their affirmative defenses and a no-evidence motion on Appellant's causes of action. Appellant filed a response to the traditional motion; the response was not supported by evidence. It appears from the partial record before us that he did not file a response to the no-evidence motion. The trial court granted the no-evidence motion on July 27, 2007, stating in its order that "[Appellant] could not meet the burden to over come [sic] Summary Judgment on the issues contained in [Appellant's] Amended Petition." But on September 24, the trial court granted Appellant's motion for new trial; the reason why does not appear in the record.

On November 16, 2007, Appellees filed another traditional motion for partial summary judgment on their affirmative defenses and another no-evidence motion on Appellant's causes of action.

---

[2] The earliest document in the partial clerk's record filed in this court is Appellees' amended answer and affirmative defenses, filed June 22, 2007.

On December 6, 2007, Appellant filed a motion for leave to file his own motion for summary judgment and a response to Appellees' motions. Appellant's counsel stated that on October 1, 2007, he had faxed a proposed scheduling agreement to Appellees' counsel. The proposed agreement recited November 16 as the deadline for filing summary judgment motions and December 7 as the hearing date for all summary judgment motions. Appellant's counsel averred that he did not receive a reply from Appellees' counsel until November 27, when Appellees' counsel faxed a signed copy of the proposed agreement back to Appellant's counsel. Appellant's counsel further stated that he received a letter from Appellees' counsel on December 3 notifying him that the trial court would hear the summary judgment motions on December 7 (the letter does not appear in the clerk's record).

The record does not contain an order disposing of Appellant's motion for leave to file a late response, but on December 7, the trial court granted both of Appellees' motions for summary judgment. Appellant filed a motion for new trial, asserting the same arguments he had made in his motion for leave; the trial court denied the motion.

Appellees and Appellant then filed cross-motions for summary judgment on Appellees' counterclaims. The trial court granted Appellees' motion, and after filing additional motions for new trial and for reconsideration, Appellant filed this appeal.

**Discussion**

In two issues, Appellant argues that the trial court erred (1) by denying his motion for leave to file a response to Appellees' motions for summary judgment and by granting those motions for summary judgment and (2) by granting Appellees' motion for summary judgment on their counterclaims.

**1.     Motion for leave to file late summary judgment response**

In a single paragraph comprising two sentences, Appellant argues that the trial court erred by denying his motion for leave to file a late summary judgment response because the standard for such motions articulated by the supreme court in *Carpenter v. Cimarron Hydrocarbons* does not apply to this case; and that even if the *Carpenter* standard does apply, Appellant's motion satisfied both parts of the standard. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002).

In *Carpenter*, the supreme court held that a trial court should allow a summary judgment nonmovant to file a late summary judgment response when the nonmovant establishes good cause for failing to timely respond by showing

4

that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.*

Appellant argues that *Carpenter* does not apply because "a substantial reason" for his failure to file a response was Appellees' failure to provide him with a signed copy of the proposed agreed scheduling order. But Appellant wholly fails to explain why the *Carpenter* standard does not apply in this circumstance, offers no alternative standard by which to assess the denial of his motion for leave, cites no case other than *Carpenter*, and does not explain how—assuming *Carpenter* does apply—the evidence attached to his motion for leave established the *Carpenter* factors.

To the extent that Appellant argues that some standard other than *Carpenter* applies, we hold that Appellant waived this argument by failing to adequately brief it. *See* Tex. R. App. P. 38.1(h) (providing that a brief must contain appropriate citations to authorities); *Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing). We will, therefore, apply the *Carpenter* standard.

5

We focus our attention on the second part of the conjunctive *Carpenter* standard, that is, did Appellant establish good cause by showing that allowing the late response would not cause undue delay or otherwise injure Appellees? *See Carpenter*, 98 S.W.3d at 688. The answer is "no." In support of his motion, Appellant filed the affidavits of his attorney and the attorney's paralegal. Both affidavits discuss the circumstances surrounding the proposed scheduling agreement. Neither affidavit even mentions the possibility of delay if the court granted the motion for leave. The motion itself was not sworn, and it did not discuss delay, either. Thus, Appellant wholly failed to establish that allowing the late response would not unduly delay or otherwise injure Appellees. We therefore hold that the trial court did not err by denying Appellant's motion for leave to file a late summary judgment response.

## 2. Summary judgment on Appellant's claims

We turn now to the trial court's grant of summary judgment on Appellant's claims. The trial court granted Appellees' no-evidence motion on Appellant's causes of action and Appellees' traditional motion on their affirmative defenses of limitations and the statute of frauds. Appellant's brief discusses only the no-evidence motion.

In order to obtain a reversal of a summary judgment, an appellant must attack every ground upon which the trial court could have granted judgment.

6

*Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.). When the appealing party does not challenge a ground on which the movant sought summary judgment in the trial court, settled summary judgment principles demand that we affirm the trial court's judgment. *Malooly*, 461 S.W.2d at 121; *Krueger*, 155 S.W.3d at 621.

Although Appellant's issue statement is broad enough to encompass both the no-evidence motion and the traditional motion, his brief contains no argument whatsoever on the traditional motion, and Appellant does not show or even argue that genuine issues of material fact precluded summary judgment on Appellees' affirmative defenses. We are, therefore, constrained to affirm the trial court's judgment based on the unchallenged traditional summary judgment on Appellees' affirmative defenses, and we overrule Appellant's first issue. *See Malooly*, 461 S.W.2d at 121; *Krueger*, 155 S.W.3d at 621.

### 3. Summary judgment on Appellees' counterclaims

In his second issue, Appellant argues that the trial court erred by granting summary judgment in favor of Appellees on their conversion counterclaim. Appellees alleged that Appellant had wrongfully converted unidentified "property and assets" that belonged to Appellants and had refused to return the property when demanded to do so.

7

A counterplaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

Appellant challenges the summary judgment on Appellees' counterclaims on four grounds. First, he argues that Appellees' pleadings were vague and ambiguous because "no intelligible cause of action could be deduced" from them. Appellant did not specially except to Appellees' pleading before the trial court granted summary judgment. *See* Tex. R. Civ. P. 91. Defects in pleadings are waived unless specifically pointed out by exception in writing and brought to the attention of the judge before the judgment is signed in a nonjury case. Tex. R. Civ. P. 90. Because Appellant failed to specially except to Appellees' pleadings, he waived his complaints about them. *See Estate of Stonecipher v. Estate of Butts*, 686 S.W.2d 101, 103 (Tex. 1985).

Next, Appellant argues that Appellees are not entitled to summary judgment because they produced no evidence that they had demanded the return of the allegedly converted property. Appellant cites no authority in this

8

section of his brief; thus, he has waived this argument. *See* Tex. R. App. P. 38.1(h).

In the third part of his argument, Appellant contends that Appellees are not entitled to summary judgment because their pleadings failed to identify the specific property converted, did not show that Appellant attempted to deprive Appellees of ownership without their permission, and did not show that they had suffered any damages. In the fourth part, he argues that they failed to present any evidence of damages. Once again, Appellant's brief contains no citations to authority to support his argument; thus, he has waived these arguments, too. *See id.* We overrule Appellant's second issue.

## Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: May 21, 2009

9